# RICHARDSON *v.* GREEN.

# NELSON *v.* GREEN.

# NELSON *v.* GREEN.

# SICKLES *v.* GREEN.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF MICHIGAN.

Argued February 1, 4, 1889. — Decided March 18, 1889.

It is a well settled rule that this court will not entertain an appeal where
the transcript of the record is not filed in this court at the term next
succeeding the taking of the appeal, unless a recognized satisfactory
excuse for the laches is made.

It is not a sufficient excuse that the clerk of the court below was mistaken
in his understanding as to the time when the transcript must be filed, and
that it was prepared as soon as possible by him, having due regard to the
other duties of his office, and the size of the record.

Where the transcript of the record was placed in the hands of the clerk of
this court at the next term after the appeal was allowed and perfected by
the filing of a bond, but no appearance was entered for the appellant, nor
any deposit for costs made, at that term, but these things were done at
the next following term, and the case was then docketed, and a motion
to dismiss the appeal was made at the third term thereafter: *Held*, that
the motion must be denied.

Where an appeal is allowed in open court at the same term the decree is
made yet if the bond to perfect the appeal is not accepted at or during
that term, a citation is necessary.

The issuing of a citation may be waived by the appellee, and a general
appearance by him is a waiver of a citation.

Where this court has jurisdiction of an appeal, and a citation is necessary,
it will issue one.

Reasons stated why the appeal in this case is not open to the objection that
it does not involve more than $5000, or to the objection that the appellee
is not named in the order allowing the appeal.

Where the appellee died after the argument of the motion to dismiss the
appeal, the order on the motion was entered *nunc pro tunc* as of the day
of the argument.

IN EQUITY. On the 21st January, 1889, a motion to dismiss
these cases was submitted, and a further motion was made to

postpone the hearing when the cases should be reached, until the motion to dismiss should be decided. The motion to postpone was denied on the 22d January, and the motion to dismiss was ordered to be heard at the argument on the merits. The case is stated in the opinion of the court.

*Mr. J. Hubley Ashton* and *Mr. Henry T. Dechert* appearing specially for John Bower & Co. and John F. Betz, appellees, in support of the motions to dismiss, cited: *Castro* v. *United States*, 3 Wall. 46; *Edmonson* v. *Bloomshire*, 7 Wall. 306; *Grigsby* v. *Purcell*, 99 U. S. 505; *The Tornado*, 109 U. S. 110; *Killian* v. *Clark*, 111 U. S. 784; *Caillot* v. *Deetken*, 113 U. S. 215; *Fayolle* v. *Texas &c. Railroad Co.*, 124 U. S. 519; *United States* v. *Burchard*, 125 U. S. 176; *Hewitt* v. *Filbert*, 116 U. S. 142; *Radford* v. *Folsom*, 123 U. S. 726; *Sage* v. *Railroad Co.*, 96 U. S. 712; *Vansant* v. *Gas-Light Co.*, 99 U. S. 213; *Railroad Co.* v. *Blair*, 100 U. S. 661.

*Mr. D. A. McKnight* appeared for Thomas W. Ferry, Hiram Hodgden, John A. Elwell, Frederick A. Nims and Edward P. Ferry, appellees, and, in support of the motions to dismiss, cited: *Hamilton* v. *Moore*, 3 Dall. 371; *Blair* v. *Miller*, 4 Dall. 21; *Veitch* v. *Farmers' Bank*, 6 Pet. 777; *Villabolos* v. *United States*, 6 How. 81; *United States* v. *Curry*, 6 How. 106, 112; *The Virginia* v. *West*, 19 How. 182; *Carroll* v. *Dorsey*, 20 How. 204; *Castro* v. *United States*, 3 Wall. 46; *United States* v. *Gomez*, 3 Wall. 752; *Mussina* v. *Cavazos*, 6 Wall. 355; *Washington* v. *Dennison*, 6 Wall. 495; *Edmonson* v. *Bloomshire*, 7 Wall. 306; *The Lucy*, 8 Wall. 307; *Gillette* v. *Bullard*, 20 Wall. 571, 574; *Caillot* v. *Deetken*, 113 U. S. 215; *Edwards* v. *United States*, 102 U. S. 575; *Grigsby* v. *Purcell*, 99 U. S. 505; *Hilton* v. *Dickinson*, 108 U. S. 165; *The Tornado*, 109 U. S. 110, 117; *State* v. *Demarest*, 110 U. S. 400; *Killian* v. *Clark*, 111 U. S. 784; *Fayolle* v. *Texas &c. Railroad Co.*, 124 U. S. 519; *Deneale* v. *Archer*, 8 Pet. 526; *Miller* v. *McKenzie*, 10 Wall. 582.

*Mr. Lyman D. Norris*, for appellants in No. 181, opposing, cited: *Wood* v. *Lide*, 4 Cranch, 180; *Bingham* v. *Morris*, 7

Cranch, 99; *Pickett* v. *Legerwood*, 7 Pet. 144; *Owings* v. *Tiernan*, 10 Pet. 24; *Van Rensselaer* v. *Watts*, 7 How. 784; *Sparrow* v. *Strong*, 3 Wall. 97; *Edwards* v. *United States*, 102 U. S. 575; *Grant* v. *Phœnix Ins. Co.*, 106 U. S. 429; *Butterfield* v. *Usher*, 91 U. S. 246; *Hilton* v. *Dickinson*, 108 U. S. 165; *Wheeler* v. *Harris*, 13 Wall. 51.

*Mr. Willard Kingsley*, (with whom was *Mr. James Blair* on the brief,) for intervening defendants Nelson and Soule in Nos. 947 and 1027, appellants, opposing, cited: *Fosdick* v. *Schall*, 99 U. S. 235; *Edwards* v. *United States*, 102 U. S. 575; *Hewitt* v. *Filbert*, 116 U. S. 142; *Radford* v. *Folsom*, 123 U. S. 725.

*Mr. Daniel E. Sickles* in person, for himself and Stevens, appellants in No. 1074, (with whom were *Mr. T. J. O'Brien* and *Mr. Daniel P. Hays* on the brief,) opposing, cited: *Grigsby* v. *Purcell*, 99 U. S. 505; *Fayolle* v. *Texas Railroad*, 124 U. S. 519, 523; *Fosdick* v. *Schall*, 99 U. S. 235; *Barton* v. *Barbour*, 104 U. S. 126, 134.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

These are five appeals taken in a suit in equity brought by Ashbel Green and William Bond, trustees, against the Chicago, Saginaw and Canada Railroad Company, in the Circuit Court of the United States for the Western District of Michigan, for the foreclosure of a mortgage executed to the plaintiffs upon the railroad of that company. The mortgage was given to the plaintiffs, as trustees, to secure 5500 bonds, of $1000 each, issued by the company, and payable to the plaintiffs or bearer.

A decree was made, on June 30, 1882, directing a foreclosure and sale, and referring it to a master to determine the priority of those who claimed to be creditors of the company. On the 6th of November, 1882, the master filed his report, in which he divided the debts and bonds proved before him into four classes. In class A he placed the debts which had a priority over the bonds. The creditors in class A were Thomas M.

Nelson and James B. Soule, for a debt of $25,284.17, of which $12,497.48 had a priority, and was to be paid in full; and Thomas M. Nelson for a debt of $7749.42, of which $3845.20 had a priority, and was to be paid in full. In class B he placed the *bona fide* holders of the bonds as purchasers of them, among whom were Daniel E. Sickles for 163 bonds, amounting to $269,541.26; and Benjamin F. Stevens, for 32 bonds, amounting to $51,247.20. In class C he placed persons who held the bonds as collateral security, and the amount of security so held. Among these was Benjamin Richardson, with a debt of $273,282.87, and collateral security in 200 bonds, amounting to $374,904.

After a hearing on the report of the master, and exceptions thereto, the court, on the 3d of May, 1883, made a decree providing for the distribution of the proceeds of the sale of the mortgaged property which had taken place. After directing the payment of certain expenses and of receiver's certificates, it directed the payment *pro rata*, from the fund remaining, of certain specified bonds as a third class, no greater sum to be paid, where the same were held as security, than sufficient to satisfy the indebtedness for which they were held. In this class the decree named Sickles and Stevens, as owners, for the number of bonds and the amounts severally before mentioned; and Richardson and his assignee, Henry Day, for the debt before mentioned, with the lien on 200 bonds, amounting to the sum before mentioned. The decree then put into a fourth class the debts, above mentioned, to Nelson and Soule, and to Nelson, to be paid *pro rata* from any surplus which should then remain.

On the 12th of July, 1883, Sickles and Stevens were permitted, by an order of the court, to prosecute in their own names an appeal to this court from the decree of May 3, 1883; and by a like order, made on the same day, Richardson and Day were allowed to appeal to this court from the same decree. The appeal bond of Sickles and Stevens was filed in the Circuit Court on September 6, 1883, and that of Richardson and Day on August 14, 1883.

On the 6th of August, 1883, Sickles and Stevens filed in the

Circuit Court a petition alleging that the master, in computing the amount due to various claimants of the bonds other than the petitioners, and who held the bonds as collateral security and not as purchasers, had allowed to them interest to which they were not entitled. The petitioners set forth that they desired a rehearing on the point thus stated, and prayed that, where the error had occurred, there might be a recomputation of the interest, and a return of the overpayment, where distribution had already been made; and that, in the meantime, the master be directed to make no further distribution of the fund; and for such other and further relief as should be equitable and proper.

On a hearing of the matter, the court made an order, on the 1st of September, 1883, adjudging that the master had made an erroneous computation of the interest in the case of bonds held by divers claimants as collateral security, in that he had allowed such claimants all coupons appearing with and attached to the bonds, without regard to the date when they were delivered to the holders, instead of computing interest upon them only from the date of their delivery; and referring it to the clerk of the court to make a computation of the interest on the bonds, from the date of their delivery to the several persons who held them as collateral security. The clerk reported such computation, and stated the amount of the 200 bonds held by Benjamin Richardson, as collateral security, to be $330,725, instead of, as before, $374,904. It also appeared that Richardson and Day had been overpaid $2173.91; and that the Wrought Iron Bridge Company had been overpaid $183.60.

On September 11, 1883, Nelson and Soule were allowed an appeal from the decree of May 3, 1883; and on that day Thomas M. Nelson was also allowed an appeal from the same decree. An appeal bond on each of these two appeals was filed in the Circuit Court on October 15, 1883.

On the 8th of October, 1883, the court, on a further hearing, entered a decree which recited that the cause "came on to be reheard;" and also recited the filing of the petition by Sickles and Stevens for a rehearing, and the making of the reference to the clerk and his report, and stated that it appeared "to

this court that a rehearing should be had, and a correction made in the decree" of May 3, 1883, and, after reciting the provisions of that decree in regard to paying the creditors in the third class, then proceeded to give a new list of the third class, putting down Sickles and Stevens as the owners respectively of the same number of bonds, for the same amounts, as in the decree of May 3, 1883, and the debt of Richardson and Day at the same amount as in that decree, with a lien on 200 bonds, amounting to $330,725, instead of $374,904, as in that decree. It also adjudged that the Wrought Iron Bridge Company had been overpaid $183.60, and Henry Day, assignee of Benjamin Richardson, $2173.91, and that they should severally pay into the court those sums, which should be distributed among the remaining several claimants, in proportions and amounts specified in the decree; among others, to Benjamin F. Stevens, $113.25; to Daniel E. Sickles, $595.66; to J. Bower & Co., $373.93; to John F. Betz, $357.41; to Thomas W. Ferry, $205.02; to Hiram Hodgden, $37.49; to John A. Elwell, $16.93; to Frederick A. Nims, $40.53; and to Edward P. Ferry, $64.32. The decree further provided "that all persons having claims against the fund created by the sale of the mortgaged property herein, whether evidenced by bonds, coupons, or otherwise, shall present the same to this court within five days from the date of this decree, and in default thereof the clerk of this court shall distribute to the parties, respectively, all moneys to which they are entitled hereunder." It further provided "that the decree of May 3, 1883, entered herein, shall stand ratified and confirmed, except as the same is changed and modified by this decree."

On the 17th of November, 1883, Richardson and Day were allowed an appeal from the decree of October 8, 1883. The appeal bond on that appeal was filed in the Circuit Court, November 28, 1883.

The appeal of Richardson and Day from the decree of May 3, 1883, and their appeal from the decree of October 8, 1883, are together known as No. 181. There is no other appeal but theirs, from the decree of October 8, 1883. The appeal of Nelson and Soule from the decree of May 3, 1883, is No. 947;

the appeal of Nelson from that decree is No. 1027; and the appeal of Sickles and Stevens from that decree is No. 1074.

Motions are now made, in the four cases, by John Bower & Co., and John F. Betz, to dismiss the two appeals in No. 181, and the other three appeals, on the grounds, that the transcript of the record was not filed, and the cause was not docketed, in this court at the term thereof next after the time when the appeals respectively were prayed and allowed; and that no citations were issued on any of the appeals. A motion is also made by T. W. Ferry, Hodgden, Elwell, Nims, and E. P. Ferry, to dismiss the four appeals from the decree of May 3, 1883, for want of jurisdiction, and also for want of due prosecution, because they were not lodged, or filed, or docketed, in this court during the term next succeeding the date of their allowance; and to dismiss the appeal, in No. 181, from the decree of October 8, 1883, for want of jurisdiction, because the amount involved is less than $5000; and to dismiss the appeals in Nos. 947 and 1027, for want of citations; and to dismiss all five of the appeals, because the appellees are not described in them with certainty.

As to Nos. 947, 1027 and 1074, the appeal in each is from the decree of May 3, 1883. In Nos. 947 and 1027, the appeals were allowed by an order of court, made in open court, on the 11th of September, 1883; and in No. 1074, by an order of court, made in open court, on the 12th of July, 1883. In No. 947, the transcript of the record was filed, and the case docketed, in this court, January 26, 1888; in No. 1027, June 26, 1888; and in No. 1074, August 30, 1888. The term of this court next ensuing the allowance of the several appeals in Nos. 947, 1027 and 1074, from the decree of May 3, 1883, was the October Term, 1883. That term commenced on the 8th of October, 1883, and ended on the 5th of May, 1884. The transcript of the record filed in all five of the appeals is certified by the clerk of the Circuit Court by a certificate bearing date October 4, 1884. The same transcript of the record is filed in all of the appeals. The transcript left the office of the clerk of the Circuit Court on October 6, 1884 and was sent by express, and reached the clerk of this court on October 10, 1884;

but no step was taken by any of the parties appellant, in No. 947, No. 1027, or No. 1074, to furnish security to the clerk for the payment of his fees, under § 1 of Rule 10 of this court, or to have the transcript filed, or the case docketed, or an appearance entered, at the term of this court next after the allowances of the appeals, to wit, the October Term, 1883.

The rule being well settled that this court will not entertain an appeal where the transcript of the record is not filed in this court at the term next succeeding the taking of the appeal, *Credit Co.* v. *Arkansas Central Railway Co.*, 128 U. S. 258, 259, and cases there cited, unless a recognized satisfactory excuse for the laches is made, it is sought in these cases to show such excuse by the following facts: In October, 1883, the appellants Richardson and Day as one party, Sickles and Stevens as one party, and Nelson and Soule and Thomas M. Nelson as one party, gave to the clerk of the Circuit Court a joint verbal order to make a transcript of the record without unnecessary delay, and forward it to the clerk of this court, the three parties to pay to the former clerk the fees therefor *pro rata*, according to the amounts of their respective claims. After such order to the clerk, the appeal of Richardson and Day from the decree of October 8, 1883, was taken. The clerk did not know that each appeal was a separate matter, but believed that all the appeals made but one case, and that, if the record should reach this court in time for any one appeal, it would bring up the case as a whole, with all the appeals; and he understood and believed, while he was copying the record, that if the transcript should arrive at the office of the clerk of this court on or before October 15, 1884, it would be in ample time to make all of the appeals valid, on the filing and docketing of the transcript. The clerk prepared the transcript as soon as he could, having regard to the other duties of his office and to the size of the record, (which makes 1235 printed pages, as printed here). He did not complete the making of the transcript until about June 24, 1884, and forwarded it by express to the clerk of this court on October 6, 1884. These facts are supported by an affidavit of the clerk, and by one of the solicitor for Nelson and Soule, to the same effect.

We cannot admit the validity of this excuse, in regard to the three appeals in question. All suitors in this court are bound by its written rules, and its practice and decisions are established and known. The same ruling must apply to the appeal in No. 181, from the decree of May 3, 1883. That appeal was allowed July 12, 1883. The transcript of the record was not certified until October 4, 1884, and did not reach the hands of the clerk of this court until October 10, 1884, all of which occurred after the expiration of the October Term, 1883, of this court. That appeal therefore fails, with the other three.

But the appeal in No. 181, of Richardson and Day, from the decree of October 8, 1883, was allowed on November 17, 1883, after the commencement of the October Term, 1883, of this court. It was, therefore, returnable to the October Term, 1884, of this court. The transcript, as before stated, was put into the hands of the clerk of this court, in his office, on the 10th of October, 1884. The counsel for Day and Richardson took no further step in the matter until September 25, 1885, when he wrote to the clerk of this court, desiring his appearance to be entered for them. After some further correspondence, the counsel was informed by the clerk that, although the latter had received the record in October, 1884, the appeals had not been docketed, because the rule as to a deposit for costs (Rule 10) and that as to the entry of appearance (Rule 9) had not been complied with. On a compliance with such rules, and on the 26th of October, 1885, the case was docketed, and an appearance for Richardson and Day was entered.

The principle applicable to such a state of facts is that established by the decision in *Edwards* v. *United States*, 102 U. S. 575. In that case, a writ of error was issued, returnable at October Term, 1877. A transcript of the record was lodged in the office of the clerk of this court in September, 1877, but by an oversight of the counsel for the plaintiff in error no fee bond was given, and the cause was not docketed during October Term, 1877. In September, 1878, an acceptable fee bond was given, and the cause was formally docketed. A motion was made, at October Term, 1880, to dismiss the writ of error. This

court denied the motion, and said (p. 576): "We are aware that in some of the cases it has been said that a writ of error or an appeal becomes inoperative if a transcript is not filed and the cause docketed during the term to which it is made returnable, but this has always been in cases where a return had not been made and a transcript had not been filed within the time. The language should therefore be construed in connection with those facts. In *Owings* v. *Tiernan's Lessee,* 10 Pet. 447, and *Van Rensselaer* v. *Watts,* 7 How. 784, leave was given to docket the cause after the term, when the transcript had been filed in time, but through inadvertence a fee bond had not been given and there had not been in the meantime a motion to docket and dismiss. That is this case. . . . If a return is made and the transcript deposited in the clerk's office in time, our jurisdiction is kept alive. The docketing of the cause after that is mere procedure, and if unreasonably delayed, the parties may be subjected to the consequences of a failure to prosecute a suit, which rest largely in the discretion of the court, when not provided for by rules. Rule 9 is of that class."

In the present case, although the transcript of the record in No. 181 was filed and the case was docketed on October 26, 1885, no motion to dismiss was made until the present term; and, under the foregoing views, we are of opinion that the appeal of Richardson and Day from the decree of October 8, 1883, cannot be dismissed on the ground that the case was not actually docketed during October term, 1884.

One ground urged for dismissing the appeal of Richardson and Day from the decree of October 8, 1883, is that, although that appeal was allowed by an order of court, made in open court on the 17th of November, 1883, at the same term at which the decree of October 8, 1883, was entered, yet the bond given to perfect such appeal was approved by the district judge on November 28, 1883, apparently out of court, although filed in the court on that day; and that, under these circumstances, a citation to the appellees was necessary, and none appears ever to have been issued.

As the appeal in question was allowed in open court, during

the term at which the decree appealed from was rendered, and that appeal was perfected by the filing in due time of a bond duly approved, and the transcript of the record was, as we have held, duly lodged in this court at the next ensuing term thereof, namely, October Term, 1884, in such manner as to give this court jurisdiction of the case, no citation was necessary, unless the bond was accepted after the term at which the appeal was allowed. In the present case, it does not appear that the appeal bond was accepted in open court, or at or during the term at which the appeal was allowed; and a citation would seem to have been necessary. *Sage* v. *Railroad Co.*, 96 U. S. 712, 715; *Hewitt* v. *Filbert*, 116 U. S. 142, 144; *Brown* v. *McConnell*, 124 U. S. 489, 491.

But, as to a citation, this case falls within the ruling in *Dodge* v. *Knowles*, 114 U. S. 430, 438, where it is said: "The judicial allowance of an appeal in open court at the term in which the decree has been rendered is sufficient notice of the taking of an appeal. Security is only for the due prosecution of the appeal. The citation, if security is taken out of court, or after the term, is only necessary to show that the appeal which was allowed in term has not been abandoned by the failure to furnish the security before the adjournment. It is not jurisdictional. Its only purpose is notice. If by accident it has been omitted, a motion to dismiss an appeal allowed in open court, and at the proper term, will never be granted until an opportunity to give the requisite notice has been furnished; and this, whether the motion was made after the expiration of two years from the rendition of the decree or before."

In *Hewitt* v. *Filbert*, (*supra*,) it is said (p. 144): "The allowance by the court in session before the end of the term at which the decree was rendered, and when both parties are either actually or constructively present, is in the nature of an adjudication of appeal, which, if docketed here in time, gives this court jurisdiction of the subject matter of the appeal, with power to make all such orders, consistent with the practice of courts of equity, as may be appropriate and necessary for the furtherance of justice."

But the issuing of a citation may be waived by the appel-

lees; and a general appearance by them is a waiver of a citation. *Alviso* v. *United States*, 5 Wall. 824; *Sage* v. *Rail-way Co.*, 96 U. S. 712, 715. In No. 181 a general appearance for the appellees, T. W. Ferry, Hodgden, Elwell, Nims and T. P. Ferry, was entered in this court on January 11, 1889. As to John Bower & Co. and John F. Betz no general appearance for them has been entered in No. 181, but only, on January 14, 1889, an appearance specially for the making of the motion by them. This is not a waiver of a citation.

Under these circumstances, a citation will be issued by this court, on the appeal in No. 181 by Richardson and Day from the decree of October 8, 1883, to the appellees in that appeal who have not entered here a general appearance in No. 181, returnable at the next term of this court, unless the issuing of such citation shall be duly waived on the part of such appellees.

It is also urged, in the motion made by Thomas W. Ferry and others to dismiss the appeal in No. 181 from the decree of October 8, 1883, that this court has no jurisdiction of it, because the amount involved is not more than $5000. The ground urged is, that the amount involved, so far as that appeal by Richardson and Day is concerned, is only $2173.91, which is the amount that Day, as assignee of Richardson, was directed to pay into court as having been overpaid on his claim.

It appears by the master's report that he disallowed the claim of Richardson as pledgee or purchaser of 400 bonds other than the 200 bonds the claim to which was allowed to Richardson. The amount of money involved in the claim of Richardson and Day to these 400 bonds largely exceeds the sum of $5000. This claim is fairly brought up by their appeal from the decree of October 8, 1883, because that decree contains an express provision "that the decree of May 3, 1883, entered herein, shall stand ratified and confirmed, except as the same is changed and modified by this decree."

Moreover, the Circuit Court, by reason of the petition of Sickles and Stevens for a rehearing, and by reason of the rehearing which was had, did not lose its hold upon the fund to be distributed, nor part with its control of the cause, until

the decree of October 8, 1883, was made, so far as claims against the fund created by the sale of the mortgaged property were concerned. That decree contained a provision that persons having claims against such fund, whether evidenced by bonds, coupons, or otherwise, should present the same to the court within five days from the date of that decree, and that, in default thereof, the clerk should distribute to the parties the moneys in his hands.

These provisions save the appeal of Richardson and Day from the decree of October 8, 1883, as to amount, and enable them to have adjudicated by this court, on the hearing of that appeal, at least their claim in respect of the 400 bonds not allowed to them.

It is also objected, on the motion to dismiss made by Thomas W. Ferry and others, that, in the order of November 17, 1883, allowing an appeal to Richardson and Day from the decree of October 8, 1883, the appellees are not named, but it is stated only that "the other parties of said cause, original and intervening, (as appearing in the said final decree,)" are "appellees." But the bond on such appeal, filed November 28, 1883, is given to the clerk of the Circuit Court for the use and benefit of twenty-five appellees, naming them, and among them are by name the five appellees by whom the motion on that ground is made. We think the objection is not a good one.

*It results from these views that the appeals in No. 947, No. 1027 and No. 1074 must be dismissed; that the appeal in No. 181 from the decree of May 3, 1883, must be dismissed; and that the motion to dismiss the appeal of Richardson and Day, in No. 181, from the decree of October 8, 1883, must be granted, unless the appellants therein shall procure to be issued and served on the appellees therein a citation from this court, in the terms before set forth, returnable at the next term thereof, provided the issuing and service of such citation shall not be duly waived; and it is ordered that such citation shall issue, if a request therefor shall be filed with the clerk.*

*As Richardson has died since the day these motions were argued, the order to be made will be entered* nunc pro tunc, *as of that day, February 4, 1889.*