LENOIR CAR WORKS v. TRINKLE.

(Circuit Court of Appeals, Sixth Circuit. December 17, 1915.)

No. 2672.

1. JUDGMENT ⊜⟿273—ENTRY NUNC PRO TUNC—DEATH OF PARTY.
    After a motion for a new trial was overruled, and after the court had ordered judgment entered on a verdict for plaintiff, defendant filed a petition for a rehearing of the motion, and it was taken under advisement by the court. Before its denial, plaintiff died. *Held,* that the court was justified in ordering entry of the judgment nunc pro tunc as of the date when the petition for rehearing was heard and submitted to the court.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525–541; Dec. Dig. ⊜⟿273.]

2. ABATEMENT AND REVIVAL ⊜⟿72—DEATH OF PARTY—REVIVOR.
    Under the laws of Tennessee, where such action arose, the revivor of the case in the name of plaintiff's personal representative was justified, especially as the claim must be considered in judgment at the time plaintiff died.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 377–402, 412–416; Dec. Dig. ⊜⟿72.]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by E. Lee Trinkle, administrator of A. F. Friend, deceased, against the Lenoir Car Works. Judgment for plaintiff, and defendant brings error. Affirmed.

J. G. Johnson, of Knoxville, Tenn., for plaintiff in error.
W. T. Kennerly, of Knoxville, Tenn., for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and CLARKE, District Judge.

CLARKE, District Judge. In this action, A. F. Friend, in.his lifetime, sued the plaintiff in error for damages for injuries which he sustained while in its employ. The injury complained of was caused by the falling of a steel car sill, about 36 feet in length, which weighed 1,800 pounds, and the cause of its falling was the breaking of one of two clevis pins by which it was supported when suspended about four feet from the floor,. in the position required for the doing of the work upon the sill in which Friend and two other workmen were engaged when the accident occurred.

The negligence claimed is failure on the part of the employer to exercise the care required by law to furnish a clevis pin reasonably safe for the purpose for which it was intended to be used and failure to inspect such pin after it was put into use. The defenses relied upon at the trial were proper care on the. part of the plaintiff in error in furnishing to its workmen clevis pins. for the purpose for which the pin which broke was used and assumption of risk by the plaintiff.

We are clearly satisfied that the testimony in the cause presented a conflict upon both of the issues between the parties as we have stated them, such that the trial court was abundantly justified in overruling

⊜⟿For other cases·see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the motion of the plaintiff in error for a verdict in its favor when it rested its case.

The plaintiff in error claims that the trial court erred in several respects: First, in the admission of testimony, designated in the amended assignment of errors. It is sufficient to say of these claims that the exceptions taken were in form such that they are wholly insufficient to present any question to this court for review. Second, error is assigned in the refusal of the court to charge the jury as requested by the plaintiff in error. The record shows that the trial court dealt with each of these requests to charge in a manner entirely satisfactory to this court, even if we should regard the form of exceptions taken as adequate to present the refusal of them for review, which is by no means clear.

[1, 2] After the trial court had overruled the motion of the plaintiff in error for a new trial, and on September 29, 1913, had ordered judgment entered on the verdict, on October 15, 1913, a petition was filed for a rehearing of the motion for a new trial. This petition was heard and submitted to the court about November 7, 1913, and was taken under advisement. A press of official duty rendered it impossible for the court to dispose of this petition until January 2, 1914, when it was denied. In the meantime the plaintiff died, and to the end that injustice might not be done judgment nunc pro tunc was ordered entered as of November 7, 1913. This action is assigned as error, but it was clearly justified by these authorities cited by the trial court when he made the order, viz.: Mitchell v. Overman, 103 U. S. 62, 26 L. Ed. 369; Richardson v. Green, 130 U. S. 104, 9 Sup. Ct. 443, 32 L. Ed. 872; Bell v. Bell, 181 U. S. 175, 21 Sup. Ct. 551, 45 L. Ed. 804; Arredondo v. Arredondo, 223 U. S. 376, 32 Sup. Ct. 277, 56 L. Ed. 476. It is also claimed that error was committed in permitting revivor of the case in the name of the personal representative of the deceased plaintiff. The laws of the state of Tennessee, where this action arose, justify this action of the trial court, especially since the claim must be considered in judgment at the time the plaintiff died.

There are several other assignments of error, all of which we have considered; but we find them so without substantial merit that special discussion of them is neither necessary nor justified.

We think it not necessary to consider the motion of the plaintiff in error to dismiss this proceeding in error upon the claim that the last extension of the time for printing and filing the record was not properly allowed by the trial court and for the assessment of a penalty upon the plaintiff in error upon the ground that this proceeding has been prosecuted merely for delay. Affirming the judgment, as we are doing, gives to the defendant in error all the rights which dismissal of the petition in error would give to him, and while there is much in this record indicating a disposition on the part of counsel for the plaintiff in error to delay without just cause the final decision of the case, nevertheless, we have concluded in this instance not to impose a penalty.

The learned trial judge submitted this case to the jury in a charge so clear and comprehensive that counsel for the plaintiff in error, alert, as this record proves them to have been, in watching for possible error,

saw fit to take only a general, formal, and so an entirely futile, excep-. tion to it, and he dealt with the multiplied motions, amended motions, and applications of various kinds filed by the plaintiff in error, with such patience and intelligence as to leave nothing to be desired.

Judgment affirmed, with costs.