### In re CANNON.

### AMERICAN STATE BANK OF NORTH JUDSON, IND., v. SURPRISE.

Circuit Court of Appeals, Seventh Circuit. December 22, 1928.

Rehearing Denied April 11, 1929.

No. 4050.

L. L. Bomberger, of Hammond, Ind., for appellant.

John A. Gavit, of Hammond, Ind., for appellee.

Before EVAN A. EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. ■ Appellee moves to dismiss this appeal upon the ground that it was not taken in accordance with the provisions of the statute of January 31, 1928. Section 1 of that act abolished the writ of error, and provided that "all relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal." 28 USCA § 861a. Section 2 provided: "In all cases where an appeal may be taken as of right it shall be taken by serving upon the adverse party or his attorney of record, and by filing in the office of the clerk with whom the order appealed from is entered, a written notice to the effect that the appellant appeals from the judgment or order or from a specified part thereof." 45 Stat. 54. This second section was amended April 26, 1928, to read as follows: "The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error." 28 USCA § 861b.

In the instant case the appellant, on the 7th day of May, 1928, within the statutory period, filed its petition, together with its assignment of errors, asking that the appeal be allowed, that a transcript of the record, proceedings, and documents upon which the order and decree were based, duly authenticated, be sent to this court, and that an order, relating to the security to be required of it, be made. On the day of the filing of this petition the appeal was granted and the bond fixed. The bond was afterwards filed and approved, and the citation issued and served.

Neither the filing of the appeal bond nor the issuance or service of the citation was jurisdictional, and the bond could be filed and the citation issued and served at any time before the motion to dismiss is passed upon. Evans v. State Bank, 134 U. S. 330, 10 S. Ct. 493, 33 L. Ed. 917; Edmonson v. Bloomshire, 74 U. S. (7 Wall.) 306, 19 L. Ed. 91; Richardson v. Green, 130 U. S. 104, 9 S. Ct. 443, 32 L. Ed. 872. The ground of the motion to dismiss the appeal is not well taken.

On the 2d day of December, 1926, the bankrupt borrowed of the First State Bank of North Judson, Ind., $10,000, and gave his promissory note for that amount, due in 20 days, and as security for the same executed a bill of sale for 300 hogs and 70 head of cattle. The bankrupt was in possession of the hogs and cattle at the time the bill of sale was executed, and continued to hold possession of them after its execution.

The note was not paid when it became due, and on the 18th day of January, 1927, bankrupt gave to the bank, in lieu of the first note, another note for $10,100, due in 10 days, and at that time, to secure the second note, executed a chattel mortgage on the same stock covered by the bill of sale. The first note and bill of sale were returned to the bankrupt. The mortgage was duly recorded in accordance with the statute of the state of Indiana. The bill of sale was not recorded.

About the 1st of May, 1927, the First State Bank of North Judson was consolidated with the North Judson State Bank, thus forming the appellant bank, the American State Bank of North Judson. By the terms of the consolidation the First State Bank of North Judson transferred and delivered to appellant the second note and the chattel mortgage securing it.

The petition in bankruptcy was filed May 2, 1927. It thus appears that the second note and mortgage were executed within the four months before the petition was filed, and that the first note and bill of sale were executed more than four months before that date.

When the second note became due appellant took possession of the property and held it for some time, until it was taken into possession by a receiver appointed in the bankruptcy suit; and an order was entered therein ordering the property sold, and providing that the lien of the mortgage, if any, attach to the fund.

Appellant filed its intervening petition,

asking that the principal sum of said second note, together with interest thereon until the date of the filing of the petition in bankruptcy, be declared a first and prior lien on the proceeds of all the assets covered by its mortgage.

The court held that the bankrupt was insolvent on the 18th day of January, 1927; that the enforcement of the transfer would effect a preference; that the person receiving it or to be benefited thereby, or his agent acting therein, had reasonable cause to believe that the enforcement of the transfer would effect a preference; and dismissed the petition.

Appellant insists that the court erred in finding (a) that the bankrupt was insolvent on January 18, 1927; (b) that appellant had reasonable cause to believe that bankrupt was insolvent on that date; and (c) that the giving of the renewal note and chattel mortgage on January 18, in exchange for the first note and bill of sale, was not an exchange of securities.

■ Findings of fact will not be reviewed, if they are sustained by any substantial evidence. Without setting it out, it is sufficient to say that there is substantial evidence to sustain the finding of insolvency on January 18. Indeed, we do not see how any other inference can be drawn from it, and no one can read the record without concluding that there was substantial evidence to warrant the finding that McCormick, cashier of the mortgagee, was the agent of the bank acting in the matter for it, and that he at least had knowledge of facts and circumstances such as would cause an ordinarily prudent man of experience in business to believe that bankrupt was insolvent, and that the taking and enforcement of the mortgage would effect a preference.

■ The instrument called a bill of sale was not, in reality, a bill of sale at all. It was an unrecorded chattel mortgage. It was given, as appellant in his petition for its allowance avers, to secure the first note. It was an attempt to pledge personal property as security for the payment of a note for borrowed money. The note recites that the bill of sale was given as "collateral security" for its payment.

Under the Indiana statute (section 8055, Burns' Annotated Statutes, 1926) an unrecorded chattel mortgage is invalid as to all persons except the parties thereto. The Supreme Court of Indiana, in Sidener v. Bible, 43 Ind. 230, 234, said:

"The statute requiring mortgages of chattels to be recorded within a fixed time, in the county of the residence of the mortgagor, does not apply to controversies relating to the priority of liens merely. The statute renders the mortgage void, when not properly recorded, as to all persons other than the parties thereto, whether such persons have or have not acquired a lien upon the property."

Since the amendment of 1910 to the bankruptcy statute, the trustee is given the status of a creditor holding a lien (11 USCA § 75). When the appellant gave up—exchanged—its bill of sale for the mortgage, it did not give in exchange for the mortgage any security whatever.

Motion to dismiss overruled and decree affirmed.