EASTERN DIST.
*June,* 1836.

**BARREMORE'S · SYNDIC *vs.* BRADFORD'S HEIRS.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.

BARREMORE'S
SYNDIC
*vs.*
BRADFORD'S
HEIRS.

| 10L 149 |
|---|
| 48 574 |
| 10L 149 |
| 107 406 |

It is not necessary that the citation of appeal be served within the year allowed to appeal in. If the appeal is taken and bond given within the year, although the citation be served after it has elapsed, but in time for the term of the court, it will be sufficient.

An agreement made by a debtor with a part of his creditors, entered into by notarial act, in which he makes an assignment of his property to certain individuals, as trustees, for the benefit of such creditors as sign the agreement, does not constitute these persons syndics; nor does it confer power on them to maintain an action for the recovery of property alleged to belong to said debtor, but not mentioned in the act of assignment.

In a *dation en paiement* as well as in a sale, a fixed price is of the essence of the contract.

The plaintiffs, W. W. Williams, B. Hawes and N. Bolles, sue as the *assignees and syndics* of W. H. Barremore, in virtue of a notarial act of agreement of the latter, assigning various property for the benefit of such of his creditors as signed the said agreement, to recover a tract of land in the parish of West Feliciana, in the possession and claimed by the defendants.

The defendants excepted to the right of the plaintiffs to maintain this action, because W. H. Barremore is not a ceding debtor, and consequently his syndics, if any he has, cannot institute this or any other suit for him, or in his name, for any immoveable property which he may have assigned to his creditors; and further, the defendants except to the jurisdiction of the District Court, because the rights of minors are concerned, which matters are exclusively cognizable in the Court of Probates. They also answered to the merits.

The district judge overruled the exceptions, and, on the merits, there was a verdict and judgment in favor of the defendants. The plaintiffs appealed.

EASTERN DIST.
June, 1836.

BARREMORE'S
SYNDIC
vs.
BRADFORD'S
HEIRS.

The judgment appealed from was signed the 2d of May, 1833, and the appeal was granted the 15th of April, 1834, but service of the citation and petition of appeal was not made on the tutor of the defendants (minor heirs) until the 22d of May, 1834, and on the under tutor, the 12th of June, 1834.

*Patterson*, for the appellees, moved to dismiss the appeal, on the ground that the service of the citation, &c. of appeal was not made until after the lapse of a year from the date of the judgment appealed from.

*Lawrence* and *Winthrop*, contra.

*Bullard, J.,* delivered the opinion of the court.

It is not necessary that the citation of appeal be served within the year allowed to appeal in. If the appeal is taken and bond given within the year, although the citation be served after it has elapsed, but in time for the term of the court, it will be sufficient.

In this case the appellees move to dismiss the appeal, on the ground that service of citation was not made within a year after the judgment was rendered. It appears that the appeal was allowed, and the bond filed within the year, but the citation was served after it had elapsed, but in time for the term of the court to which the appeal was made returnable, and that a proper return day was fixed by the judge. We think this is sufficient, and that the Code does not forbid the service of citation after the year, if the appeal has been taken in time. The motion is overruled.

The plaintiffs assuming to be the assignees and syndics of one Barremore, instituted the present suit to be recognized as owners of a tract of land in possession of the defendants, and of which the latter, it is alleged, claim to be proprietors, thereby slandering the title of the plaintiffs.

The defendants excepted to the capacity in which the plaintiffs appear, alleging that Barremore is not a ceding debtor, and denying that the petitioners are his syndics and have any right to maintain this action.

In support of their right to sue, the plaintiffs produced in evidence an instrument under private signature, which appears to have been registered in the office of a notary public in New-Orleans, purporting to be signed by Barremore

and numerous persons styling themselves his creditors, in which it is recited, that they having received and accepted of him an assignment of his property as therein described, Barremore sells, assigns and transfers, in the manner of a *dation en paiement*, to Williams, Hawes, and Bolles, the plaintiffs, assignees nominated by said creditors, all his stock in trade, notes, debts and accounts, together with such property, personal and real, as he possessed, &c., to be vested in said assignees for the benefit of the aforesaid creditors who shall sign the act: the assignees to sell the property under the direction of the creditors; the *confidential* debts to be first paid out of the proceeds. In consideration of the premises, the creditors agree to give Barremore a complete discharge. It is further agreed, that other creditors may, within four months, sign the agreement and avail themselves of its stipulations. They then appoint the plaintiffs assignees to manage the estate thus surrendered, as if they were syndics regularly appointed.

It is obvious that this agreement between Barremore and a part of his creditors does not constitute the plaintiffs his syndics. The tract of land which forms the subject of this controversy is not described in any part of that document, nor is there any price stipulated; and in a *dation en paiement*, as well as sale, a fixed price is of the essence of the contract. *Merlin's Rep., verbo dation en paiement.* We are therefore of opinion, that a title did not vest in the plaintiffs as assignees, so as to enable them to maintain the present action. They are, at most, agents of the persons who signed that agreement in relation to the administration of the effects assigned by Barremore to them. The agreement contemplates a distribution of the property of an insolvent, first to what are called his *confidential* creditors, a distribution unknown to the laws of this state, and this court cannot lend its aid in giving effect to such an agreement. The exception ought therefore in our opinion to have been sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
June, 1836.

BARREMORE'S
SYNDIC
*vs.*
BRADFORD'S
HEIRS.

An agreement made by a debtor with a part of his creditors, entered into by notarial act, in which he makes an assignment of his property to certain individuals as trustees, for the benefit of such creditors as sign the agreement, does not constitute these persons syndics; nor does it confer power on them to maintain an action for the recovery of property alleged to belong to said debtor, but not mentioned in the act of assignment.

In a *dation en paiement*, as well as in a sale, a fixed price is of the essence of the contract.