R. B. JONES *v.* CAPERTON & WEEKS.

Where the citation of appeal has been improperly served on the appellee's counsel, the appellee being a resident of the State, it is not a fault imputable to the appellant, for which the appeal may be dismissed.

Where the order of appeal has been obtained, the appeal bond given, and the transcript filed in due time, a defective service of citation may be remedied by a new service, although more than twelve months have elapsed since the judgment of the lower court was rendered.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J. Newton & Hall,* for plaintiff. *J. T. Ludeling,* for defendant and appellant.

VOORHIES, J. The appellee moves the dismissal of this appeal. The citation of appeal was served upon his counsel, the order having been granted at chambers. As the plaintiff was a resident of the State, the citation of appeal should have been served upon him in person, or by leaving it at the place of his usual domicil. C. P. 582; *Sears, Administrator,* v. *Wilson,* 4 An. 525; *Ludeling* v. *Frellsen,* ib. 534.

But this defect is not, however, imputable to the appellants; and, under the ruling in the case of *Lewis* v. *Hennen,* the only order which we could render would be one for a continuance. At the same time, it is proper to notice

that two of the appellees, *James C. Weeks* and *E. B. Pittis*, have not been cited on this appeal, although their names are inserted in the bond furnished by the appellants. Although more than one year has elapsed since the rendition of the judgment of the District Court, it is not too late to grant relief to the appellant. This point is expressly ruled in the case of *Lewis* v. *Hennen*, 13 An. 260.

It is, therefore, ordered and decreed, that this cause be continued until the first day of the next regular term of this court, in order that the appellees be cited to answer the appeal taken in this case.