62 143
f114 697

62 143
f152 250

THE SOUTH BEND CHILLED PLOW COMPANY v. CHARLES W. MANAHAN AND W. KENDALL MANAHAN.

*Commencement of suit by declaration—Judgment by default for non-appearance—Based on proof of service of declaration one day prior to its filing—Void—As to necessity of filing affidavit of non-appearance, see Low v. Mills, 61 Mich. 36.*

On June 20, 1885, plaintiff filed a declaration, and entered the usual rule to plead, as commencement of suit against defendants, a copy of same having been served on the previous day. Defendants' default was entered July 11, 1885, and judgment rendered without any appearance on their part.

*Held,* that the judgment was void, service of the declaration having been made before commencement of suit.[1]

Error to Hillsdale. (Howell, J.) Argued June 17, 1886. Decided June 24, 1886.

Assumpsit. Defendants bring error. Reversed. The facts are stated in the head-note.

---

[1] In this case, as appears by the record, no affidavit of defendants' non-appearance was filed as a basis for entry of their default. As to necessity of such affidavit, see *Low v. Mills,* 61 Mich. 36.

*E. L. Koon*, for appellants.

*George A. Knickerbocker*, for plaintiff.

MORSE, J.   A judgment in this case was taken by the plaintiff upon default of defendants.

The declaration was filed in the Hillsdale circuit court, June 20, 1885, and the rule to plead entered upon the same day.   The only service upon defendants was made by George A. Knickerbocker, attorney for the plaintiff.   The service was made by handing to each of them, on the nineteenth day of June, 1885, a copy of the declaration, with notice of the rule to plead indorsed thereon in the usual manner.   No default absolute was entered.

The service being before suit was commenced, the judgment is void, and must be reversed and set aside, with costs to defendants.   *Ellis v. Fletcher*, 40 Mich. 321 ; *Wetherbee v. Kusterer*, 41 Id. 359 ; *Blanck v. Ingham Circuit Judge*, 44 Id. 98.

The other Justices concurred.