ALTENBERG et al. v. GRANT et al.

(Circuit Court of Appeals, Sixth Circuit. May 24, 1897.)

No. 466.

1. ERROR TO CIRCUIT COURT—TIME FOR ALLOWANCE OF WRIT—MOTION FOR NEW TRIAL.

Where, in accordance with the local practice, a motion for new trial is made after judgment, the judgment does not become effective, for the purposes of a writ of error, until such motion is disposed of, and the time limited by statute for the allowance of a writ to review the judgment runs from that date.

2. SAME—DELAY IN RETURNING WRIT—DISMISSAL.

A writ of error will not be dismissed by the circuit court of appeals because return thereof was not made until one day after it was returnable by its terms.

3. SAME—CITATION.

Where a writ of error is seasonably returned and docketed in the circuit court of appeals in vacation, before the term next ensuing after its allowance, the court may at such term order an alias citation to bring in parties not served with a former citation, though the time for taking the writ has then expired.

In Error to the Circuit Court of the United States for the District of Kentucky.

This was an action at law by G. P. Altenberg and Rudolph Kleybolte against W. T. Grant and others. There were a verdict and a judgment for defendants, and plaintiffs bring error. Heard on motion by defendants in error to quash and dismiss the writ of error.

W. O. Harris and Humphrey & Davie, for defendants in error.

Before TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge. The defendants in error, appearing for the purpose of the motion only, have made a motion to dismiss the writ of error in this case on the ground that the proceeding in error has not been perfected by the plaintiffs in error within the time required by law. The facts, as shown by the record, are as follows: The action below was at law. The trial before the court and a jury resulted in a verdict for defendants on the 12th of November, 1895. Judgment was at once entered upon the verdict, and costs were awarded to defendants against plaintiffs. On November 15th following, plaintiffs filed a motion for a new trial. This motion was denied on December 17, 1895. On June 15, 1896, a writ of error was allowed, and a bond was filed and approved. The writ of error was made returnable July 15, 1896, but was not in fact returned until July 16, 1896. A citation against all the defendants in error was signed by the judge at the circuit. It was returned June 30th, executed on only one of the defendants in error. The marshal gave as a reason for not serving the other defendant that the plaintiffs in error had made no deposit for costs. So the matter stood until February 27, 1897, when a new citation was issued, signed by a judge of this court, and was executed and returned March 27, 1897. Three grounds are urged for a dismissal of the writ of error. The first is that more than six months elapsed after the rendition of the judgment sought to be reviewed

before the allowance of the writ of error.    If the time for the writ of error began to run from the date of the judgment, the contention is good.    If, however, the period of limitation dates from the order denying the motion for a new trial, the writ of error was seasonably allowed.    We have no doubt that the motion for a new trial suspends the running of the statute.    In some states, judgment is withheld until the defeated party shall have had time to file a motion for a new trial, and, pending the hearing of the motion, judgment is never entered.    In other states,—and this is true in Kentucky,—judgment is entered upon the verdict at once, and motions for new trials are made always after judgment.    It is certainly the understanding of the bar that, until the motion for a new trial has been disposed of, the judgment is not ripe for review; and it is the duty of this court, so far as the authorities will permit, to avoid a construction of the rules and statutes governing writs of error and appeals which would be a surprise to practitioners and effect undeserved hardships.    We think the decisions of the supreme court justify us in holding that a motion for a new trial like a petition for rehearing filed during the term in which the judgment is rendered postpones the running of the period of limitation until the motion is disposed of.    Memphis v. Brown, 94 U. S. 715, 717; Railway Co. v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497; Brockett v. Brockett, 2 How. 238; Slaughter-House Cases, 10 Wall. 289.    The question whether an execution would run on the judgment pending the motion is not necessarily, we think, the test of when the time within which a writ of error must be allowed begins to run.    It is sufficient to say as was said in Memphis v. Brown, ubi supra, that, pending a motion to set aside a judgment, it does not "take final effect, for the purposes of a writ of error," until the motion is disposed of.    2 Fost. Fed. Prac. § 483; Desty, Fed. Prac. (6th Ed.) § 1008. ·

Nor do we regard the objection that the writ was returned and the record filed here one day after it was made returnable of serious moment.    Bingham v. Morris, 7 Cranch, 99, shows that, if the transcript of the record is filed before the motion for dismissal, the motion will not be granted.

The last objection is that the alias citation was not returned served until March, 1897.    The citation was returnable in vacation after the adjournment of the October term, 1895.    The term next ensuing began in October, 1896.    The citation here in question was issued, and returned served in the October term, 1896.    This is, according to the precedents, in sufficient time, if the court, in its discretion, permits it to be done.    In Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, it was held that when an appeal is allowed at the term of a judgment, but is not perfected until after the term, a citation is necessary to bring in the parties, but that, if the writ of error be docketed in the court of review at its next ensuing term, a citation may be issued by leave of that court, although the time for taking the writ of error has elapsed.    This writ of error was seasonably docketed here, and this court, upon motion, directed the citation to issue at this, the term next ensuing after the term at which the writ was allowed.    The citation was therefore issued, served, and returned before the writ of

error became inoperative. Green v. Elbert, 137 U. S. 615, 11 Sup. Ct. 188; Richardson v. Green, 130 U. S. 104, 9 Sup. Ct. 443; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493. The motion to dismiss is denied.