RAILROAD EQUIPMENT CO. v. SOUTHERN RY. CO. et al.

(Circuit Court of Appeals, Sixth Circuit.   March 7, 1899.)

No. 618.

1. APPEAL—NECESSITY FOR CITATION.

   Where an appeal is taken from the circuit court at a term subsequent to that of the decree, a citation is necessary to bring in the parties; but, if the appeal is docketed at the next ensuing term of the circuit court of appeals, a citation may be issued and served at any time before the close of that term, though the time for taking the appeal has expired.

2. SAME—NECESSARY PARTIES.

   Where the basis of one of the contentions of an appellant on the appeal is that a corporation joined in the court below is a necessary party to the suit, the appellate court is without jurisdiction to consider the appeal on the merits, unless such corporation is brought in as a party to the appeal.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This is a bill in equity filed in the state chancery court at Knoxville, Tenn., by the Railroad Equipment Company, created under the laws of the state of New Jersey, complainant, against the Southern Railway Company, a corporation created under the laws of Virginia, the East Tennessee, Virginia & Georgia Railway Company, a corporation created under the laws of Tennessee, and Charles M. McGhee and E. J. Sanford, citizens of Knox county, Tenn. The complainant averred that it had recovered a judgment against the East Tennessee, Virginia & Georgia Railway Company for $255,597.22; that on the 10th of June, 1897, execution had issued and was returned nulla bona; that the judgment remained unpaid; and that the East Tennessee. Virginia & Georgia Railway Company had no property, within the jurisdiction of the court or elsewhere, out of which the judgment might be recovered. The bill then proceeds to detail the history of the East Tennessee, Virginia & Georgia Railway Company, averring that a large part of its bonds and stocks were owned by the same persons who owned the stock and bonds of the Richmond Terminal Company; that such persons entered into a plan by which, under other foreclosures and sales in the various federal courts of the districts through which the railway owned or controlled by the two companies ran, such railways should be sold under decrees, and purchased by a new company, to be known as the Southern Railway Company, which, by a plan of reorganization, should issue bonds and stock, and distribute the bonds and stock among the bondholders and stockholders of the old companies, without making any provision for the unsecured creditors of the East Tennessee, Virginia & Georgia Railway Company; that these plans were carried out with the connivance and consent of the board of directors of the East Tennessee, Virginia & Georgia Railway Company and its stockholders; that the property was sold at an upset price. much less than sufficient to pay the mortgage bonds, which were foreclosed, and the property was passed free from apparent incumbrance by the foreclosure sale to the Southern Railway Company; that the unsecured debts, part of which complainant owned, were wholly unpaid. Complainant charged in his bill that this plan and its execution operated as a fraud in law upon the creditors of the East Tennessee, Virginia & Georgia Railway Company, in this, to wit: that the stockholders of the East Tennessee, Virginia & Georgia Railway Company received the profit or benefit out of the property of that company, by virtue of this plan, to the prejudice of the unsecured and unpaid creditors of the company.   The bill charges that the Southern Railway Company is a mere consolidation of the properties of the Richmond Terminal Company and the Richmond & Danville Company and system, and the East Tennessee, Virginia & Georgia Railway Company and system; that the Southern Railway Company, being a successor of the East Tennessee, Virginia & Georgia Railway Company,

is liable for all the indebtedness and demands outstanding against that company, and not provided for in the plans of reorganization; and that "complainant is therefore entitled to prosecute its demands against the Southern Railway Company in this court, making all requisite parties thereto, to the end that the liability of the said Southern Railway Company for and on account of complainant's said judgment may be established by the judgment and decree of this court." "(3) That the plan of reorganization and consolidation as above set out is a fraud in law upon the rights of complainant and other creditors of like class; and that complainant is entitled, in any event, to reach in the hands of the defendant, the Southern Railway Company, the value of the interests of the shareholders in the said East Tennessee, Virgina & Georgia Railway Company, preserved to them under said plan of reorganization, or as much thereof as may be necessary to discharge complainant's said judgment and costs, and the costs of this proceeding. The names of the shareholders in the East Tennessee, Virginia & Georgia Railway Company, whose rights were thus preserved, are unknown to complainant, and they are too numerous and too widely scattered to be made defendants in person to this action; but complainant believes and charges that the defendants C. M. McGhee and E. J. Sanford are shareholders in said company, and were beneficiaries in said plan, and they were made defendants hereto as representatives of said shareholders, as a class, and said East Tennessee, Virginia & Georgia Railway Company also represents its shareholders as a defendant, as well as being the judgment debtor in complainant's original proceedings." "Complainant prosecutes this demand, not only for itself, but for and on account of all other creditors of said East Tennessee, Virginia & Georgia Railway Company, not provided for and protected under said plan of reorganization, who may choose to come forward and have themselves made parties to these proceedings." It then prays process "against the East Tennessee, Virginia & Georgia Railway Company, against the Southern Railway Company, and against the individual defendants; asks that the bill may be taken and treated as a creditors' bill for and on behalf of this complainant and all persons of like interest who may ask to intervene"; "that after a necessary accounting, and upon final hearing, the Southern Railway shall be declared to be a consolidation of the railroad properties and corporations entering into the plan of reorganization, and, as such consolidated corporation, it be declared to be liable for the amount due to the complainant upon its judgment and decree." "(4) If the court shall be of the opinion that the relief prayed for in paragraph 3 cannot be granted, then complainant prays that an account be taken of the value of the equity preserved to the shareholders of said East Tennessee, Virginia & Georgia Railway Company, under the reorganization of said road and the merger of its property into the Southern Railway Company, and that said equity be subjected by proper decree to the payment of complainant's said judgment and costs."

Process was issued and duly served upon the four defendants. Thereupon the Southern Railway Company appeared and filed its petition for the removal, as follows: "Your petitioner, the Southern Railway Company, respectfully shows unto this honorable court that it is one of the defendants in the above-entitled cause, and that the matter in dispute therein, and in that portion of this cause in which your petitioner is interested, exceeds, exclusive of interest and costs, the sum and value of two thousand dollars; that said suit is of a civil nature; and that there is in said suit a controversy which is wholly between citizens of different states, and is between them alone, and which can be fully determined as to them, namely, a controversy between your said petitioner, Southern Railway Company, and the complainant, Railroad Equipment Company. Your petitioner further avers and shows that it, the Southern Railway Company, was, at the time of the commencement of this suit, and still is, a corporation organized in, and chartered by, the state of Virginia, and was then, and is still, a resident and citizen of the state of Virginia, and was not then, and is not now, a citizen or resident of the state of Tennessee; and the complainant, Railroad Equipment Company, is a corporation chartered and organized under the laws of the state of New Jersey, and was, at the time of the commencement of this suit, and still is, a resident

and citizen of the state of New Jersey. The said controversy between the complainant and your petitioner is of the following nature, viz.: The complainant seeks to have this petitioner, Southern Railway Company, declared and held liable for a judgment rendered by the chancery court of Knox county, Tenn., against the East Tennessee, Virginia & Georgia Railway Company, a defunct Tennessee corporation, and in favor of the complainant herein. This petitioner has at no time, however, either in the past or present, had any connection with said defunct corporation or said judgment; and it s not, and never has been, liable in any way for said judgment, or any part thereof. Said bill further seeks, in the alternative event of the complainant failing to foist said judgment upon this petitioner, to make certain alleged former stockholders of said East Tennessee, Virginia & Georgia Railway Company liable to complainant therefor; but the attacks and charges against them are purely in the alternative, and are in nowise involved in or connected with the dispute between this petitioner and the complainant. In fact, complainant does not state any cause of action against the individual defendants, McGhee and Sanford: but, on the contrary, states in its bill that it does not know who the stockholders of the East Tennessee, Virginia & Georgia Railway Company are, and it does not even allege that the individuals named as defendants to its bill are or were stockholders of said company. Your petitioner therefore avers that this suit is one in which there can be a final determination of the controversy between it and the complainant, without the presence of any of the other defendants as parties in the cause. The East Tennessee, Virginia & Georgia Railway Company, named as defendant, is, in fact, only a nominal defendant, against whom no relief is sought in this action, relief to the full extent of the law having already been obtained against it as alleged in complainant's bill; and, if said East Tennessee, Virginia & Georgia Railway Company has any interest in the present suit, its interest is identical with that of complainant. Your petitioner offers herewith a bond, with good and sufficient surety, for its entering in the circuit court of the United States for the Northern division of the Eastern district of Tennessee, on the first day of its next session, a copy of the record in this suit, and for paying all costs which may be awarded by said circuit court, if said court should hold that this suit was wrongfully or improperly removed thereto. Petitioner therefore prays this honorable court to proceed no further herein, except to make the order of removal required by law, and to accept said bond and surety, and cause the record herein to be removed into said circuit court of the United States in and for the Northern division of the Eastern district of Tennessee, and it will ever so pray."

Tully R. Cornick and Alex. C. King, for plaintiff in error.
Leon Jourolmon and Francis L. Stetson, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. The removal of this cause to the court below was sustained on the ground that there was a separable controversy between the Railroad Equipment Company, a corporation and citizen of New Jersey, and the Southern Railway Company, a corporation and citizen of Virginia; that the East Tennessee, Virginia & Georgia Railway Company was a nominal party only, and that the cause of action, if any, stated against McGhee and Sanford, citizens of Tennessee, was in the alternative, pressed only in case the main contention against the Southern Railway Company could not be maintained, and therefore a distinct controversy from the main one, which could be settled in a separate suit. The appellant brings this appeal, and assigns as one error the failure of the court below to remand, insisting that the East Tennessee, Virginia & Georgia Railway Com-

pany was a necessary party defendant to the issue between the equipment company and the Southern Railway Company, and that its presence would prevent removal.

The difficulty which the appellant meets at the threshold of the cause is that it has not made the East Tennessee, Virginia & Georgia Railway Company a party to the appeal by serving a citation upon it. The appeal was taken at the term of the circuit court succeeding the one at which the decree appealed from was entered. Therefore it was necessary, in order to bring the parties in as appellees, to issue and serve citations upon them.

In Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, the chief justice, speaking for the supreme court, said of the practice in the matter of appeals:

"It must be regarded as settled that (1) where an appeal is allowed in open court, and perfected during the term at which the decree or judgment appealed from was rendered, no citation is necessary; (2) where the appeal is allowed at the term of the decree or judgment, but not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at our next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation may be issued by leave of this court, although the time for taking the appeal has elapsed; (3) where the appeal is allowed at a term subsequent to that of the decree or judgment, a citation is necessary, but may be issued properly returnable, even after the expiration of the time for taking the appeal, if the allowance of the appeal were before; (4) but a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the ensuing term of this court, and not waived, the appeal becomes inoperative."

The next ensuing term of this court, after the allowance of the appeal in this case, was the present term, that of October, 1898, which will not end until October, 1899. There is still time in which to issue a citation and bring in the East Tennessee, Virginia & Georgia Railway Company before the end of this term. Altenberg v. Grant, 54 U. S. App. 312, 28 C. C. A. 244, and 83 Fed. 980. Until such a citation is issued, however, and the missing party brought into this court, it is not proper for this court to take any action in the cause. Mendenhall v. Hall, 134 U. S. 559, 10 Sup. Ct. 616. It is true that the appellees who are before the court contend that the East Tennessee, Virginia & Georgia Railway Company is merely a nominal party, and, if so, that the failure to bring it in as a party to the appeal is immaterial. But the burden of maintaining jurisdiction of this appeal is upon the appellant, and, as the very basis of appeal on the merits is that this company is a necessary party to the cause, we cannot proceed to hear the appeal until the absent company is brought before us.

The order will be that the cause stand over for the purpose of giving the appellant an opportunity to apply for a citation against the East Tennessee, Virginia & Georgia Railway Company, and that, if said citation is not applied for and issued before the end of the present term, the appeal shall stand dismissed.