### NOONAN v. CHESTER PARK ATHLETIC CLUB CO.

(Circuit Court of Appeals, Sixth Circuit. March 28, 1899.)

#### No. 668.

APPEAL—TIME FOR TAKING AND PERFECTING.

The allowance of an appeal by the trial court within six months from the entry of the decree is sufficient to save the case from the bar of the statute, as neither the filing of the bond nor the issuance of citation within the time is jurisdictional.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

George J. Murray, for appellant.
Wood & Boyd, for appellee.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

PER CURIAM. A motion is made to dismiss the appeal in this case on the ground that it was not taken in time. It appears that the final decree was entered in the circuit court March 21, 1898. The appeal was allowed on the 20th of September of the same year. The bond was not given, however, until the 26th of September, or more

than six months after the decree was entered. The citation was duly issued, and the transcript of record was filed in this court in October following. The motion to dismiss is pressed on the ground that the appeal was not perfected within six months after the date of the decree appealed from. This is not necessary. The bar of the statute is saved by the allowance of the appeal. If the appeal is not subsequently perfected, either by the filing of the bond or issuing of the citation or the filing of the transcript in due course, the appeal may become inoperative, and the court will then dismiss it. Altenberg v. Grant, 54 U. S. App. 312, 28 C. C. A. 244, and 83 Fed. 980; Railroad Equipment Co. v. Southern Ry. Co. (a decision by this court at the present term) 34 C. C. A. 519, 92 Fed. 541. It has been expressly decided by the supreme court in a number of instances that it is the allowance of the appeal, and not the perfecting of all the steps necessary to a hearing of the appeal in the court above, which saves the appellant or plaintiff in error from the bar of the statutory period of limitation fixed for the bringing of appeals and writs of error. Neither the issuing of the citation nor the giving of bond is jurisdictional. Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493; Dodge v. Knowles, 114 U. S. 430–438, 5 Sup. Ct. 1108, 1197; Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17; The Dos Hermanos, 10 Wheat. 306–311. The motion to dismiss is denied.