## NEMITZ ET AL. v. STATE, EX REL. MILLER, ATTORNEY-GENERAL.

### [No. 6,196. Filed June 29, 1906.]

1. APPEAL AND ERROR.—*Perfecting Appeal.—Time.—Notice.*— The filing of a transcript and assignment of errors on appeal within one year from the rendition of the judgment, perfects the appeal, as to the appellees, without the service of notice. *Tate* v. *Hamlin*, 149 Ind. 94, followed. p. 509.

2. SAME.—*Briefs.—Dismissal of Appeal.*—The filing of a brief, by appellant, of less than one page and complying in no respect with Appellate Court rules, is ground for dismissal of such appeal. p. 511.

From Lake Circuit Court; *H. S. Barr,* Special Judge.

Suit by the State of Indiana, on the relation of Charles W. Miller as Attorney-General, against Frederika Nemitz and others. From a decree for plaintiff, defendants appeal. *Appeal dismissed.*

*Thomas J. Wood,* for appellants.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, William C. Geake* and *Henry M. Dowling,* for appellee.

ROBINSON, C. J.—Suit by appellee to quiet title. Upon issues formed a decree was entered in appellee's favor, from which appellants appealed. Appellee moves to dismiss the appeal on the ground that it was not perfected within a year from the date of the judgment. Appellants' attorney, on June 16, 1906, acknowledged service of notice that the motion to dismiss would be heard by this court on June 22, 1906, or as soon thereafter as the same could be heard by the court.

This is a vacation appeal. The judgment was entered December 8, 1904. The transcript, with the assignment of errors, was filed in the office of the clerk of this court December 7, 1905. No notices of any kind were issued until about sixty days after the tran-

script was filed, the indorsement on the transcript reciting "1906, February 7. Notice and proof of service to attorney of record and clerk, February 6, 1906." It does not appear from the transcript and its indorsements that any attempt was made to have notice issued or served until in February, 1906.

In *Tate* v. *Hamlin* (1895), 149 Ind. 94, it is said: "It is also well settled by the decisions of this court that the filing of the transcript with a proper assignment of error thereon within the time limited for taking an appeal perfects the appeal without the service of notice on the appellees." Citing *Harshman* v. *Armstrong* (1873), 43 Ind. 126; *Johnson* v. *Stephenson* (1885), 104 Ind. 368; *Wright* v. *Manns* (1887), 111 Ind. 422.

This case distinguishes the case of *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, on the ground that the notice in the Holloran case was to a coparty and not to an appellee.

In *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, the judgment was rendered December 5, 1891, and the transcript with assignment of errors was filed July 16; 1892, on which day a notice was issued, which was served on the 18th day of the month. No notice was issued or served upon the other appellee prior to the filing of the motion to dismiss the appeal, nor was an appearance entered for him. On December 7, 1892, the motion to dismiss was filed, and on the next day the clerk issued a notice to the other appellee; the court said: "If this appeal stood alone upon the transcript and its indorsements, we would be compelled to sustain the motion to dismiss." To the same effect is *Coburn* v. *Whitaker, etc., Lumber Co.* (1895), 12 Ind. App. 340. See, also, Elliott, App. Proc., §128; *Lawrence* v. *Wood* (1890), 122 Ind. 452.

While the case of *Tate* v. *Hamlin, supra,* does not expressly overrule the earlier cases, yet it must be conceded

that it declares a rule contrary to that declared in the earlier cases.

However, the motion to dismiss is also upon the ground that appellants have failed to comply with the rules of this court with respect to filing briefs. The brief contains less than one page of type-written matter, and does not in any way comply with the rules. It appears to have been prepared with none of that care that should be exercised in preparing briefs, and meets none of the requirements of a brief. The brief wholly fails to present any question for review.

Appeal dismissed.