## HANLEY ET AL. v. MASON ET AL.

[No. 6,116. Filed June 4, 1907.]

1. APPEAL.—*Notice.*—*Jurisdiction.*—Under §647 Burns 1901, Acts 1899, p. 5, a nonresident, against whom an appeal is taken, is, for all purposes, within the jurisdiction of the court on appeal at the expiration of three weeks' publication of notice in a newspaper printed and published within the State, although the return day of said notice is after the expiration of the year within which an appeal can be taken. p. 181.

2. SAME.—*Perfecting.*—*Jurisdiction.*—An appeal is perfected by the filing of a transcript and an assignment of errors; and the failure to issue notice thereof to the appellees until after the year for appeal has expired does not defeat jurisdiction. p. 182.

From Wells Circuit Court; *C. W. Watkins,* Special Judge.

Suit by George B. Mason and another against Mary Hanley and others. From a decree for plaintiffs, defendants appeal. (For decision on merits see — Ind. App. —.) On motion to dismiss appeal. *Motion denied.*

*A. W. Hamilton, Abram Simmons* and *Frank C. Dailey,* for appellants.

*Heaton & Yaple,* for appellees.

HADLEY, J.—Appellees have filed a motion to dismiss this appeal. It appears from the record that this is a vacation appeal. Some of the appellants, who were coparties to the judgment below, were nonresidents of the State, and there is no attorney of record for said appellants. The year for appeal expired May 27, 1906. The transcript, together with a proper assignment of errors, was filed in this court April 19, 1906, and notices to appellees were issued. At the same time a proper affidavit of nonresidence was filed, praying for an order for notice by publication to the nonresident appellants. Notice was ordered, and the same was published in a weekly newspaper for three consecutive weeks, the first publication being on April 21, the second on April 28, and the third on May 5. Proper proof of publication was duly

filed in this court on May 7, 1906. The notice, as published, directed the nonresident appellants to appear on June 15, which, as will be seen by the prior statement, was after the expiration of the year for appeal. The point made by appellees on their motion is that the notice to the nonresident appellants was not complete until the expiration of thirty days after the three weeks of publication, which would be after the expiration of the year for taking the appeal, and therefore they are not properly in court, and, being coparties to the judgment, jurisdiction over the cause is thereby lost. Section 647 Burns 1901, Acts 1899, p. 5, provides: "Whenever it shall be made to appear to such court, by satisfactory proof that such other coparties, or any of them, are not residents of the State and have no attorneys of record in the court below, or that such attorneys cannot be served with such notice in the State, the court may order that notice of the pendency of the appeal be given to such nonresident coparties in some newspaper printed and published in the State, for three weeks successively; after which, if proper notice has been given the appellees, the court shall proceed in all respects as if said nonresident coparties had been personally served with notice of said appeal."

Under §647, *supra*, it will be observed that, after the expiration of the three weeks of publication, the notice is complete, and a nonresident coparty is fully within the jurisdiction of the court for all purposes, and subject to be bound by the orders of the court the same as if served with personal notice at that time. It is clear from said section that upon a proper showing of a proper reason therefor, after the three weeks publication, and after appellees had been served, the court could have said cause submitted, or make such other orders as it deemed proper, and such orders would be binding upon nonresident parties as effectively as if served with personal notice. There is no provision anywhere that thirty days must elapse after said publication before the notice shall be complete. It is also

argued that since the return day, as fixed in the notice, is June 15, which was after the expiration of the year for appeal, the parties cannot be said to be within the jurisdiction of the court until that time. But, as we have seen, the statute fixes the time when the parties are within the jurisdiction of the court. And the notice in nowise denies this jurisdiction, but simply prescribes the time within which appellants must assert their claims to be heard, or be bound as in default.

It is well settled that where a transcript with proper assignment of errors has been filed within the year for appeal, the appeal is considered perfected, although notices are not issued to appellees until long after the year has expired. *Nemitz* v. *State, ex rel.* (1906), 38 Ind. App. 509; *Tate* v. *Hamlin* (1895), 149 Ind. 94. Whether this rule also applies to cases like the one before us, where there are coäppellants to be served with notices, is a question we need not decide, and upon which we express no opinion.

Motion to dismiss overruled.