GERMANIA IMPORTING Co. *v.* UNITED STATES (No. 1751). SIMON, BUHLER & BAUMANN *v.* UNITED STATES (No. 1750).[1]

CONSTRUCTION, SECTION 198, JUDICIAL CODE—SERVICE OF COPY OF ASSIGNMENT OF ERROR.

The requirement of section 198, Judicial Code of the United States (36 Stat. L., 1146) that, upon appeal to the United States Court of Customs Appeals, a copy of the assignment of error "shall be served on the collector, or on the importer, owner, consignee, or agent, as the case may be," is not jurisdictional; and, if omitted or unreasonably delayed, the United States Court of Customs Appeals has ample power to direct its issue. Its delay for more than the 60 days prescribed by the statute is not ground for a motion to dismiss the appeal.

United States Court of Customs Appeals, May 14, 1917.

APPEALS from Board of United States General Appraisers, Abstract 39912 and G. A. 7938 (T. D. 36577). Motions by the United States to dismiss. and motion by appellant. in 1751 to require the Board of General Appraisers to make a supplemental return. to the record.

[Motions by the United States denied; motion by appellant in 1751 granted.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, of counsel), for the United States.

*Hatch & Clute* (*Edward S. Hatch, Walter F. Welch,* and *Vincent P. Donihee* of counsel), contra.

[Oral argument May 1, 1917, by Mr. Hanson and Mr. Donihee.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

PER CURIAM: Motion by the Government to dismiss the appeals in both the above-entitled causes, and motion by the appellants, importers, in the Germania Importing Co. *v.* United States, supra, to require the Board of General Appraisers to make a supplemental return to the record herein. The Government urges the former and opposes the latter motion upon the grounds of the failure of appellants to serve upon the collector within 60 days after the final entry of the decree of the Board of General Appraisers a concise statement of the errors of law and fact complained of. That this statement was so filed more than 60 days thereafter and that the facts are as above recited are agreed by all parties. The case arose

---

[1] T. D. 37218 (32 Treas. Dec., 609).

at the port of New York. Section 198 of the Judicial Code of the United States is the controlling statute and reads:

SEC. 198. If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision: *Provided,* That in Alaska and in the insular and other outside possessions of the United States ninety days shall be allowed for making such application to the Court of Customs Appeals. Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of; *and a copy of such statement shall be served on the collector, or on the importer, owner, consignee, or agent, as the case may be.* Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case and their decision thereon; and all the evidence taken by and before said board shall be competent evidence before said Court of Customs Appeals. The decision of said Court of Customs Appeals shall be final, and such cause shall be remanded to said Board of General Appraisers for further proceedings to be taken in pursuance of such determination. (36 Stat. L., 1146.) [Italics ours.]

After a careful examination of the authorities afforded by the decisions of the Supreme Court of the United States and of several States upon statutes similar in language to this, the court is of the opinion and holds that the provision of section 198, supra, "and a copy of such statement shall be served on the collector, or on the importer, owner, consignee, or agent, as the case may be" is not jurisdictional and if omitted or unreasonably delayed this court has ample power to direct its issue.

In Lockman *v.* Lang (132 Fed., 1, at p. 4) the court said:

A citation to appear at the hearing in the appellate court is not jurisdictional in its nature. Its only purpose is to give notice to the appellees that the appeal will be prosecuted, so that they may appear and have a hearing if they desire. It is a part of the procedure prescribed not to give jurisdiction to the appellate court, but to secure to the appellees a fair opportunity to present to that court their arguments in support of the decision below. If, through accident, or mistake, the citation has been omitted, and no notice has been given to the appellees of the hearing, the appellate court has ample power to direct its issue and to continue the case until reasonable notice of the hearing has been given. But it may not dismiss an appeal, which is a matter of right, and which is duly allowed by the trial court by the mere acceptance of security for its prosecution (Simpson *v.* First National Bank (C. C. A.) 129 Fed., 257, 260) until an opportunity to give the requisite notice has been furnished, whether the application for the citation is made before or after the statutory time for the appeal has elapsed. Dodge *v.* Knowles (114 U. S., 436, 438; 5 Sup. Ct., 1108; 29 L. Ed., 144), Hewitt *v.* Filbert (116 U. S., 142, 144; 6 Sup. Ct., 319; 29 L. Ed.. 581), Mattingly *v.* Railroad Co. (158 U. S., 53, 56; 15 Sup. Ct., 725; 39 L. Ed., 894), Evans *v.* State Bank (134 U. S., 330, 331; 10 Sup. Ct., 493; 33 L. Ed., 917), Altenberg *v.* Grant (28 C. C. A., 244, 246; 83 Fed., 980, 982), Railroad Equipment Co. *v.* Southern Railway Co. (34 C. C. A., 519, 522; 92 Fed., 541, 544). The appeal in this case was duly allowed, and

the case was transferred to the jurisdiction of this court by the acceptance of the security offered by Williams on March 31, 1903, within the 10 days prescribed for the appeal.

See also Richardson *v.* Green (130 U. S., 104; 9 Sup. Ct., 443; 32 L. Ed., 872), Harris *v.* Harris (41 Ala., 364), Jones *v.* Caperton (14 La. Ann., 698), Holloman *v.* Middleton (23 Tex., 537), Mendenhall *v.* Hall (134 U. S., 559; 10 Sup. Ct., 616; 33 L. Ed., 1012), Barremore *v.* Bradford (10 La., 149), Niemitz *v.* State (78 N. E., 357; 38 Ind. App., 509), Spofford *v.* White River Valley Land & Live Stock Co. (41 P., 115, Nevada), Texas State Fair, etc., *v.* Lyon (5 Tex. Civ. App., 282; 24 S. W., 328), South Bend Chilled Plow Co. *v.* Manahan (62 Mich., 143; 28 N. W., 768), Ellis *v.* Fletcher (40 Mich., 321), Tripp *v.* Santa Rosa Street Railroad Co. (144 U. S., 126), and Shook *v.* Proctor (26 Mich., 283).

In the appeal of Cohn & Rosenberger *v.* United States, decided by this court May 17, 1912 (3 Ct. Cust. Appls., 288; T. D. 32575), the same question was raised upon motion as herein presented. In that case the Government took precisely the position herein taken by the importers and was sustained by this court.[1] Since said time the practice here complained of has been pursued without question, wherefore it would seem that this long-continued practice might well justify its exercise by the importers in this case.

The decision of the board herein was rendered on or about June 21, 1916, and a copy of the importers' petition served on the collector September 25, 1916. Under the particular circumstances of this case, the court deems that notice to the collector was not unreasonably delayed. The motions on behalf of the Government are denied and that on behalf of the importers in Germania Importing Co. *v.* United States granted.

---

[1] REPORTER'S NOTE.—The ruling of the court on this motion in this case was not published.
[2] T. D. 37219 (32 Treas. Dec., 611).