## NATIONAL BANK *v.* OMAHA.

1. Even though an appeal is asked for in open court, if the security is not taken until after the term, a citation must be issued to bring in the parties, unless they voluntarily appear.
2. The ruling in *O'Reilly* v. *Edrington* (*supra*, p. 724), that a judge or justice cannot delegate to the clerk the power to approve the security upon writs of error and appeals, approved, and applied to this case.

APPEAL from the Circuit Court of the United States for the District of Nebraska.

*Mr. J. M. Woolworth* for the appellant.

No counsel appeared for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The decree in this case was rendered Nov. 13, 1874; and at the end appears the following entry: —

"Whereupon said complainant, by its solicitor, prays an appeal to the Supreme Court of the United States, which is allowed; and bond to be given on said appeal is fixed at $500."

A bond was filed Sept. 30, 1875, which appears to have been

approved by the clerk, and not by the judge. No citation has been issued or served, and there is no appearance in this court by the appellees.

We have decided at the present term, in *Sage* v. *Railroad Company* (*supra*, p. 712), that, even though an appeal is asked for in open court, if the security is not taken until after the term, "a citation should be issued to bring in the parties, unless they voluntarily appear, for, until the security has been accepted, the allowance of the appeal cannot be said to have been perfected;" and, in *O'Reilly* v. *Edrington* (*supra*, p. 724), that "the security upon writs of error and appeals must be taken by the judge or justice. He cannot delegate this power to the clerk."

*Appeal dismissed.*