# RADFORD *v.* FOLSOM.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

Submitted December 8, 1887. — Decided December 19, 1887.

An appeal allowed in open court is of the date of its allowance, and to be kept in force should reach this court before the end of the term to which it is made returnable.

An appeal being allowed in open court, leaving the amount of the appeal bond to be settled afterwards, the acceptance of a bond by the District Judge after the expiration of the term at which the decree was rendered, and without issue and service of citation, does not operate as a new appeal as of the date of the acceptance of the bond.

The appearance of an appellee by counsel, without citation, at a term after the term at which the appeal is returnable, and a motion to dismiss the appeal for want of filing the transcript of the record during the return term, do not waive the citation.

BILL IN EQUITY to foreclose a mortgage. A motion on behalf of the appellee was made to dismiss the appeal for reasons stated in the opinion of the court.

*Mr. H. H. Trimble, Mr. Joseph G. Anderson,* and *Mr. Frank Hagerman* for the motion.

*Mr. W. F. Sapp* and *Mr. Walter H. Smith* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought to foreclose a mortgage given to secure several alleged debts. On the 2d of April, 1884, the bill was dismissed on its merits as to the principal one of the debts and some others, but as to the rest, and as to matters contained in a cross-bill of the defendants, the cause was referred to a master to find certain facts and state certain accounts. The complainant on the same day prayed an appeal to this court, which was allowed, but never docketed here.

On the 10th of October, 1885, the court, after overruling certain exceptions to the master's report, entered a second and last decree, which was against the complainant, for $14,084.77. At the end of that decree was the following:

"And the complainant prays an appeal from the foregoing decree, which appeal is by the court hereby allowed, and the penalty of the appeal bond, if the same is to operate as a supersedeas, is fixed at        dollars, but if the same is not to operate as a supersedeas, then the penalty of the appeal bond is fixed at        dollars."

The next term of this court thereafter began October 12, 1885, and the appeal was not docketed here during that term.

On the 8th of February, 1886, there was filed in the office of the clerk of the Circuit Court, an order made by the District Judge at his chambers, and after the term at which the decree was rendered, fixing the amount of the appeal bond at $20,000 if for supersedeas, and at $2000 if for costs only. On the 8th of March the complainant filed a motion to modify the amount of the appeal bond. On the 8th of June, while this motion was pending, the complainant filed with the clerk of the Circuit Court an appeal bond dated March 1, 1886, in the penal sum of $25,000, which had been approved by the District Judge as a supersedeas bond. On the 2d of October the motion to modify the amount of the appeal bond was overruled by the court, "on the ground that the case was then in the Supreme Court of the United States." The case was docketed in this court October 15, 1886. It does not appear that any citation has ever been signed or served.

This motion was made on the 8th of December, 1887, during the present term, to dismiss the case, "because each of said appeals became null and void when the return term of this court passed without a transcript of the record being filed in this court and being docketed herein."

The first appeal taken in open court on the 2d of April, 1884, became inoperative by reason of the failure to docket the same in this court before the end of October Term, 1884. Whether the decree from which that appeal was taken was a final decree, or interlocutory only, it is unnecessary now to

consider. The appeal allowed in open court October 10, 1885, also became inoperative as it was not docketed here before the end of October Term, 1885, and this too whether the bond approved by the District Judge after the term was accepted to perfect that appeal or not. If an appeal at all, it was of the date of its allowance in open court, and to be kept in force it should have reached here before the end of the term to which it was made returnable. *Grisby* v. *Purcell*, 99 U. S. 505, and cases there cited.

The acceptance of the bond by the District Judge cannot be considered as the allowance of a new appeal at that date, because that was after the term at which the decree was rendered and no citation was ever issued or served. *Hewitt* v. *Filbert*, 116 U. S. 142. The appearance of counsel for appellee at the present term on the making of this motion is not a waiver of the citation. It would have been different if there had been a general appearance at the last term, that being the term to which the appeal if it had been properly taken would have been returnable. *United States* v. *Armejo*, decided April 3, 1866, and reported in Book 18, L. C. O. P. Co. ed. U. S. Sup. Ct. Reports, 247.

*The motion to dismiss is granted.*