RUBY et al. v. ATKINSON et al.

(Circuit Court of Appeals, Fifth Circuit.   January 7, 1896.)

No. 402.

EQUITY PLEADING—IRREGULARITIES.

Complainants filed a bill, describing themselves as "resident citizens" of Kentucky, against sundry defendants, described as "resident citizens" of Texas, setting forth an alleged fraudulent sale of complainants' property by one defendant, and purchases thereof by other defendants, with notice, and concluding with a prayer for "citation in terms of law," for a decree annulling certain deeds, and for a writ of possession. One defendant filed a demurrer, as attorney for himself, to which he appended a certificate that he "thought the demurrer was well taken." Other defendants filed a general demurrer, to which was appended a proper certificate of counsel, but no affidavit, as required by rule 31. Later, some of the latter defendants filed an answer, which was merely a general denial, concluding with a prayer for a decree quieting their title to the land. A decree was entered overruling the demurrers and dismissing the bill. Complainants appealed. *Held,* that the decree should be reversed, with directions to set aside all the pleadings subsequent to the bill, to give leave to complainants to amend the bill to conform to the rules, and thereafter to proceed according to the equity rules.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

J. B. Scarborough, for appellants.
W. M. Sleeper, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge.     August 13, 1892, the appellants filed an original bill of complaint in the circuit court for the Northern district of Texas, commencing the same as follows: "Comes now complainant Alice L. Ruby, joined by her husband, John T. Ruby, resident citizens of the county of Hopkins, state of Kentucky, complaining of H. N. Atkinson, a resident citizen of the county of Mc-Lennan, state of Texas, and T. R. Bankhead, G. N. Bankhead, A. J. Boone, H. A. Hicks, J. W. McKinney, A. Kirby, and A. B. Kirby, resident citizens of the county of Coryell, state of Texas."     This was followed by allegations setting forth that the complainants' landed property in the state of Texas had been fraudulently sold and purchased by the said H. N. Atkinson at an inferior price, and that since, with full knowledge by the parties of the fraudulent surroundings, had been in parcels sold and conveyed to others of the defendants.     The bill concluded with the following prayer:

"Wherefore complainants sue and pray citation in terms of the law commanding the said H. N. Atkinson and the said T. R. Bankhead to appear and answer this bill on, to wit, the first Monday in September, 1892, and on final trial hereof that complainant have a decree setting aside and annulling the deed made by the constable of precinct No. 1, Coryell Co., Texas, to the said H. N. Atkinson, also annulling and setting aside any deed held by the said T. R. Bankhead emanating thereunder, and for decree removing the cloud from complainants' title caused by the said illegal sale and deeds thereunder made, and for writ of possession for said property, with costs of suit, and general and special relief as in equity they may be entitled to."

See equity rules 7, 12, 21, and 23.

The record does not show what, if any, process was issued; but on December 4, 1893, H. N. Atkinson filed a demurrer, signed by himself as attorney for himself, to which is appended a certificate as follows: "I, H. N. Atkinson, do hereby certify that I think the foregoing demurrer is well taken."     See equity rule 31.     On the 16th December, 1893, T. R. Bankhead, G. M. Bankhead, A. J. Boone, A. Hicks, J. W. McKinney, A. B. Kirby, and A. Kirby joined in a general demurrer to the said bill, to which demurrer is appended a certificate of counsel that, in his opinion, it is well founded in law; but no affidavits of the defendants were attached.     Id.     Afterwards, on April 23, 1895, T. R. Bankhead, G. M. Bankhead, A. J. Boone, H. A. Hicks, J. W. McKinney, and A. Kirby filed an alleged answer to the effect that they were purchasers in severalty of parcels of the lands described in complainants' bill, that they purchased in good faith for a valuable consideration without notice of any fraud, and concluding, "Premises considered, petitioners pray for a decree quieting their title to the land sued for, and for general and special relief."     This document does not undertake to an-

swer the bill otherwise than by a general denial of the same. The record next shows a decree of the circuit court, filed May 1, 1895, which overrules the general demurrer of defendants to complainants' bill, and thereafter dismisses the complainants' bill, and decrees that "the defendants T. R. Bankhead, A. J. Boone, H. A. Hicks, J. W. McKinney, A. Kirby, G. M. Bankhead, and A. B. Kirby go hence without day, and that they recover of the complainants their costs." Following this decree appears a document, entitled "Agreement of Counsel," relating to evidence to be taken in the case and to be used on the hearing, but particularly providing as follows:

"It is further agreed that this cause may be considered at issue, and that any demurrers that defendants may have to complainants' bill may be heard at the ensuing term of said court, in April, 1893, prior to a trial of said cause."

This agreement does not appear to have any date nor file mark, but is signed by "J. B. Scarborough, Attorney for the Complainants," and "Jones, Kendall & Sleeper, Attorneys for Defendants for Whom They Answer,"—that is, as we understand, for all the parties named in the introductory part of the bill except H. N. Atkinson and A. B. Kirby. The complainants applied for a rehearing, assigning, among other grounds not necessary to recite, the following:

"The decree in this case is not a final decree, in that it does not dispose of all the parties to the record. No disposition is made of defendant H. N. Atkinson. Complainants wish a decree against H. N. Atkinson, for the reason that he had no answer, and made no defense to the plaintiffs' bill, and his demurrer was not sufficient, and was overruled by the court, and no answer filed for him. Therefore, the decree should be for complainants as against the defendant Atkinson."

The petition for rehearing was overruled, and thereupon the complainants appealed to this court, assigning as errors practically the same grounds recited in the petition for a rehearing. From what we have recited (and we have given all that the record shows as to pleadings), it appears that not only the equity rules prescribed by the supreme court were ignored in the proceedings, but at the hearing the cause was not ready for a decree on the merits, for the bill had neither been confessed nor answered. The decree appealed from is reversed, and the cause is remanded to the circuit court, with directions to set aside all the alleged pleadings filed subsequently to the original bill, to grant leave to complainants to amend their original bill, so as to make it conform to the equity rules, and on such terms as may be just, and thereafter to proceed in the cause as the equity rules adopted by the supreme court of the United States provide, and as equity and good conscience shall require. Neither party to recover costs on this appeal.