RUBY et al. v. ATKINSON et al.

(Circuit Court of Appeals, Fifth Circuit. April 18, 1899.)

No. 693.

**1. APPEAL—TRANSCRIPT—CERTIFICATE.**
A certificate to a transcript is insufficient where it is limited to the correctness of the pleadings, and omits all reference to the decrees or orders of the court, and the proceedings to bring up the case on appeal, and only certifies the evidence as furnished by counsel for appellants, "which is said by him to have been agreed upon by counsel for both parties."

**2. SAME—CITATION.**
Where an appeal is allowed in open court, but is not perfected during the term, a citation to the other party is necessary, and should be issued and served within the return day for the appeal.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

Scarborough & Scarborough, for appellants.
W. M. Sleeper, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. When this cause was first before this court (18 C. C. A. 249, 71 Fed. 567) it was disposed of as follows:

"The decree appealed from is reversed, and the cause is remanded to the circuit court, with directions to set aside all the alleged pleadings filed subsequently to the original bill, to grant leave to complainants to amend their original bill, so as to make it conform to the equity rules, and on such terms as may be just, and thereafter to proceed in the cause as the equity rules adopted by the supreme court of the United States provide, and as equity and good conscience shall require. Neither party to recover costs on this appeal."

The case came next on a motion to docket an uncertified transcript, and on February 23, 1898, the following order was entered:

"Alice L. Ruby et als. v. H. N. Atkinson et als.

"The motion of the appellants to file the transcript of the record and docket this cause having been submitted on a former day of this term, and it now appearing to this court that the transcript of the record presented with said motion is not certified, as required by the rules of this court, nor is there any agreement as to what should constitute the record in this cause, it is ordered that said motion be, and the same is hereby, denied. It is further ordered that the appellants be allowed forty days from this date within which to file in this court a duly-certified transcript of the record of this cause."

The case now comes on a motion to dismiss, as follows:

"Now come all the appellees herein (except appellee H. N. Atkinson), and move the court to dismiss the appeal in this cause for the following reasons, to wit: First. The certificate of authentication by the clerk to the transcript of the record in this cause is insufficient, and not in accordance with law: (a) Because said certificate is limited to, and only refers to and embraces, the pleading and evidence in the cause, and omits all reference to the decree and orders of the court and proceedings to bring the case up on appeal; (b) because the certificate does not show that all the evidence in the case is embraced in the record, and limits the evidence in the record to statement of same furnished by appellants' attorney, when there is no agreement of parties in the record showing that such statement of the evidence was agreed upon by them. Second. Because H. N. Atkinson, one of the defendants in the court below, and in whose favor judgment was rendered, and as against whom the decree of the court below is sought to be reversed, does not appear from the record to have been served with notice of the appeal, nor does he appear to have waived such notice in any manner whatever. Third. Because appellants have failed to file bond for appeal as provided by law, the bond in the record having been approved by the clerk of the court, instead of by one of the judges thereof, as required by law."

An inspection of the transcript as filed shows that a final decree was entered in the circuit court on the 24th day of June, 1897, dismissing the complainants' bill, with costs, and on the 30th day of June, the following entry was made:

"On this 30th day of June, 1897, came on to be heard plaintiffs' application for appeal, which, being by the court considered, is allowed, and the bond to be executed by the complainants is hereby fixed at the sum of $250, sureties to be approved by the clerk of this court; and J. B. Scarborough, of counsel for complainants, is hereby allowed to become surety on said bond. And it is further ordered that complainants have 90 days from this date in which to file the record of this cause in the circuit court of civil appeals for the Fifth circuit, at New Orleans, La., and that only so much of the record herein as shall be necessary to a clear presentation of said cause shall be copied and sent up.                                   Chas. Swayne, Judge.

"We hereby waive the issuance and service of notice of appeal in this case.
                                            "Jones & Sleeper,
"Attorneys for Defendants, except H. N. Atkinson."

Four months after, on the 2d day of November, 1897, an appeal bond was filed in favor of all the defendants in the sum of $250, and the same was approved by C. A. Richardson, deputy clerk. The following certificate is attached to the transcript:

"The State of Texas, County of McLennan. I, J. H. Finks, clerk of the circuit court of the United States for the Northern district of Texas, do hereby certify that the above and foregoing thirty-four pages from 1 to 34, inclusive, contain a true and correct copy of all the pleadings filed in said cause numbered and entitled as follows, to wit, 'No. 97. In Equity. Alice L. and John

T. Ruby vs. H. N. Atkinson et al.;' and, further, that it contains the statement of the evidence furnished by counsel for appellants, Alice L. and John T. Ruby, and which is said by him to have been agreed upon by counsel for both parties.

"Given under my hand and official seal this, the 14th day of March, 1898.
"[Seal.]                                                J. H. Finks,
"Clerk Circuit Court of the United States for the Northern District of Texas,
"By C. A. Richardson, Deputy."

There is no agreement in the alleged transcript as to what was the evidence adduced on the hearing, nor is there any citation of appeal to the defendant H. N. Atkinson.

"The clerk has no authority to approve an appeal bond, even though the court below had attempted to give him that authority." Freeman v. Clay, 1 C. C. A. 115, 48 Fed. 849. The clerk's certificate to the alleged transcript is insufficient. It is limited to the correctness of the pleadings, omits all reference to the decrees or orders of the court and the proceedings to bring the case up on appeal, and only certifies the evidence as furnished by the counsel for appellants, "which is said by him to have been agreed upon by counsel for both parties." See Meyer v. Implement Co., 29 C. C. A. 465, 85 Fed. 874. The failure to have issued and served a citation of appeal to one of the principal defendants, H. N. Atkinson, is fatal to the prosecution of this appeal. Atkinson is a necessary party, the whole case being grounded on fraud charged against him, and the principal relief sought being to set aside a deed made in his favor. The allowance of an appeal in open court at the term in which the final decree is rendered will obviate the necessity of citation, if the appeal is perfected during the same term. If the appeal is not perfected during the term, citation is necessary, and it should be issued and served within the return day for the appeal, and certainly must be issued and served before the expiration of the period within which an appeal can be sued out. See Sage v. Railroad Co., 96 U. S. 712, 715; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319; Radford v. Folsom, 123 U. S. 725, 8 Sup. Ct. 334; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159. The appeal is dismissed.