he ought not, when no more was used than was necessary, to have been allowed to recover of the defendant therefor. Upon the principle by which he was allowed to recover for the force used, a party would be entitled to recover for a broken arm or leg, or other serious personal injury brought upon himself by his unnecessary resistance to the acts of the employés in enforcing the regulations of the railway company.

In my opinion, it was error on the part of the trial judge to refuse the instruction to the jury which was requested by the defendant.

---

In re GOOD.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1900.)

No. 14.

BANKRUPTCY—APPEAL AND REVIEW—ADJUDICATION OF BANKRUPTCY.

A judgment of the district court, adjudicating a person a bankrupt in involuntary proceedings against him, can be reviewed by the circuit court of appeals only on an appeal taken by the respondent within 10 days after the judgment appealed from, as prescribed by Bankr. Act 1898, § 25a, and not on an original petition for review of the decision of the district court, under section 24b.

Petition for Review of a Decision of the District Court of the United States for the Western District of Missouri, in Bankruptcy.

G. M. Sebree (John S. Farrington, on the brief), for petitioner.
T. T. Loy (W. O. Mead, on the brief), for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. In this case A. B. Good, the petitioner, who was adjudicated a bankrupt by the district court of the United States for the Western district of Missouri on January 2, 1900, has presented a petition for review under subdivision "b," § 24, of the bankrupt act of July 1, 1898, wherein he prays that the adjudication may be set aside and annulled for error of law apparent upon the face of the proceedings in the district court. Such relief we feel constrained to deny for the following reasons: Section 25a of the bankrupt act provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeals of the United States and to the supreme court of the territories in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt. * * * Such appeal shall be taken within ten days after the judgment appealed from has been rendered and may be heard and determined by the appellate court in term or vacation, as the case may be."

Inasmuch as congress has seen fit to prescribe by this section the method in which a judgment adjudicating a person a bankrupt may be reviewed, and for obvious reasons has fixed a short period, to wit, 10 days, within which such appeal must be taken, we think it is manifest that such judgments cannot be reviewed on an original petition filed in this court in the mode prescribed by subdivision "b" of section 24. No time limit has been fixed under section 24 within which an

original petition to "superintend and revise in matter of law" the action of the district court in proceedings in bankruptcy may be filed, and for that reason we consider it improbable that it was the intention of the lawmaker to allow a judgment adjudicating a person a bankrupt to be reviewed otherwise than by appeal, and within the time expressly limited in section 25. As more than 10 days have now elapsed since the petitioner was adjudicated a bankrupt, and as no appeal has been taken, it follows that the petition for review must be dismissed, and it is so ordered, with directions to certify that fact forthwith to the district court.

In re HARRINGTON.

(District Court, N. D. Texas. February 12, 1900.)

BANKRUPTCY—BUSINESS HOMESTEAD—ABANDONMENT.

The bankrupt, who was a cabinetmaker and undertaker, owned and used in his business a brick building, standing on the same lot with his residence, and also a small workshop. Under direction of his attorney he closed and locked the brick building at the time he filed his voluntary petition in bankruptcy, and the building and its contents, the bankrupt's stock in trade, passed into the possession of the trustee. The bankrupt continued to work at his trade in the small shop, and testified that he intended to resume the same business in the brick building as soon as possible. *Held* not such an abandonment of the brick building as a business homestead, under the laws of Texas, as would forfeit the bankrupt's right to claim it as exempt, and the same should be surrendered by the trustee to the bankrupt.

In Bankruptcy. On review of decision of referee in bankruptcy.

Chas. Crenshaw and Wilkins, Vinson & Batsell, for bankrupt.

J. F. Holt, for trustee in bankruptcy.

MEEK, District Judge. At the request of A. Harrington, bankrupt, F. B. Dillard, referee, certifies to the court the question as to whether or not the brick storehouse located on the north end of lot No. 8 in block No. 1, O. T. P., of Sherman, Tex., is exempt to the bankrupt, as his business homestead, under the exemption laws of the state of Texas. The bankrupt, in his schedule of exempt property, claims lot 8 in block 1, and all the buildings thereon, as being exempt to him as his family residence and business homestead. No question was made by the trustee in bankruptcy as to the exempt character of all of the buildings on said lot, save and except as to the brick storehouse. He claimed that this brick storehouse was not exempt, and passed to the trustee as a part of the estate of the bankrupt, to be reduced to money and distributed among his creditors. The referee heard the evidence upon this issue, and resolved the question in favor of the trustee; holding that the brick storehouse was not exempt to the bankrupt as his place of business, and that the title passed to the trustee as of the date of the adjudication in bankruptcy. The evidence taken upon the trial of that issue is before me, and I quote from it. A. Harrington, the bankrupt, in the course of his examination, testified as follows: