NORCROSS v. NAVE & McCORD MERCANTILE CO. et al.

(Circuit Court of Appeals, Eighth Circuit. April 16, 1900.)

No. 1,273.

BANKRUPTCY—APPEAL—TIME OF TAKING APPEAL.

    Where the appellant, within 10 days after a decree of the district court adjudging him a bankrupt, prayed an appeal therefrom, which was allowed by the judge, and filed an appeal bond, but the prayer for the appeal, and its allowance, and the citation and service thereon were not filed in the district court until after the expiration of the 10 days, *held*, that the appeal was not "taken" within the time limited by Bankr. Act 1898, § 25a, and must be dismissed.

Appeal from the District Court of the United States for the Western District of Missouri.

J. W. Sullinger and Benjamin Phillip, for appellant.

George W. Groves, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. On the 20th day of April, 1899, John R. Norcross, the appellant, was adjudged a bankrupt by the district court of the United States for the Western district of Missouri, St. Joseph division. On the 29th of April, 1899, he prayed, and was allowed by the district judge, an appeal to this court from the decree adjudging him a bankrupt; but the prayer for the appeal, and its allowance, and the citation and service thereon were not filed in the district court until the 2d day of May, 1899. Section 25a of the bankruptcy act, which allows an appeal from the court of bankruptcy to the circuit court of appeals from a judgment adjudging the defendant a bankrupt, provides that "such appeal shall be taken within ten days after the judgment appealed from has been rendered." In re Good, 39 C. C. A. 581, 99 Fed. 389. Under the decisions of the supreme court of the United States an appeal is not taken within the meaning of the section quoted until the petition and allowance of appeal (where there is such a petition and allowance) and the appeal bond and the citation are presented to and filed in the court which made the decree appealed from. In this case these papers, save the bond, were not filed in the district court until the 2d day of May, 1899, more than 10 days after the judgment was entered adjudging

the appellant a bankrupt. From the indorsements on the bond it sufficiently appears that it was filed within the 10 days, but that is only one step towards perfecting the appeal. The presumption that might arise from the filing and approval of the bond (Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989) does not obtain when the record affirmatively discloses that there was a prayer for the appeal, and its allowance, and a citation, none of which were filed in the court until after the expiration of the 10 days allowed to perfect the appeal. The case of Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448, is directly in point, and concludes the question; and to the same effect are Fowler v. Hamill, 139 U. S. 549, 11 Sup. Ct. 663, 35 L. Ed. 266; Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246. The appeal is dismissed.