# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### LOCKMAN v. LANG et al.

(Circuit Court of Appeals, Eighth Circuit. July 18, 1904.)

No. 1,923.

1. **APPEAL—ASSIGNMENT OF ERRORS—FILING BEFORE ALLOWANCE INDISPENSABLE.**

   The filing of an assignment of errors before or at the time of the allowance of an appeal is indispensable under the eleventh rule of the Circuit Courts of Appeals (91 Fed. vi, 32 C. C. A. lxxxviii), and the appeal will be dismissed if the assignment is not thus filed.

2. **SAME—CONDITIONAL ALLOWANCE.**

   An allowance of an appeal on condition that the petitioner give a bond in a fixed amount does not become effective until the bond is given and accepted, and the filing of an assignment of errors before or at the time of the approval of the bond is a filing within the time prescribed by the rule.

3. **ERROR AND APPEAL TO REVIEW SAME RULINGS.**

   The practice of taking an appeal and a writ of error to review the same adjudication is not only permissible, but commendable, in cases in which counsel have just reason to doubt which is the proper proceeding to give jurisdiction to the appellate court.

4. **SAME—ASSIGNMENT OF ERRORS.**

   Where in proceedings by appeal and by writ of error to review the same rulings the alleged errors are the same in both proceedings, the filing of a single assignment of errors accomplishes the purpose of rule 11, and is sufficient to sustain the proceeding requisite to obtain the review.

5. **SAME—MATTER OF RIGHT—TAKING REQUISITE SECURITY ALLOWS.**

   An appeal is a matter of right, and it is allowed and the jurisdiction of the case is transferred to the appellate court by the acceptance by the proper court or judge of security upon the appeal within the time fixed by the statute.

6. **SAME—CITATION AFTER TIME TO APPEAL HAS ELAPSED.**

   A citation is not jurisdictional. Where an appeal has been allowed by the taking of security within the statutory time, and the transcript of the record has been filed and the case has been docketed at the proper term of the appellate court, the failure to issue a citation within the time prescribed for the appeal does not detract from the jurisdiction of the reviewing court, or furnish ground for a dismissal of the appeal, but the appellate court will grant an opportunity to issue and serve a citation.

132 F.—1

**7. BANKRUPTCY—PLEADING—BANKRUPT HAS RIGHT TO OPPORTUNITY TO ANSWER PETITIONS AGAINST HIM.**

An alleged bankrupt has a right to a reasonable time to answer petitions for his adjudication. A single day is not a reasonable time for an alleged bankrupt, who is not within the district, to answer an amended petition, which for the first time charges him with certain acts of fraud and bankruptcy.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the District of Colorado.

See 128 Fed. 279.

Lester McLean (W. Scott Bicksler and Edmon G. Bennett, on the brief), for appellant.

H. W. Currey (William L. Dayton, on the brief), for appellees.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from an adjudication of the bankruptcy of R. H. Williams, rendered on March 24, 1903. Since the proceedings in the District Court which are about to be considered, Williams has deceased, and Forrest Lockman, the administrator of his estate, has been substituted for him in this court. An appeal from the adjudication in bankruptcy was allowed to Williams on the day the judgment was rendered, and his bond upon the appeal was approved by the judge of the District Court on March 31, 1903. At the ensuing September term of this court this appeal was dismissed on the authority of Webber v. Mihills, 124 Fed. 64, 59 C. C. A. 578, because the assignment of errors was not filed before or at the time of the allowance of the appeal, as required by the eleventh rule of the Circuit Court of Appeals (91 Fed. vi; 32 C. C. A. lxxxviii). Lockman v. Lang (C. C. A.) 128 Fed. 279. A motion for a rehearing was subsequently granted, because it appeared that the order which allowed the appeal was not absolute as in Webber v. Mihills, but was "upon the condition, nevertheless, that he [the alleged bankrupt] give bond on such appeal in the sum of one hundred dollars ($100)," and he gave the bond and filed his assignment of errors within the 10 days allowed for his appeal by the act of Congress.

The conditional order of allowance did not become effective until its condition was complied with, until the bond on appeal was given and accepted under it. If no bond had been given or approved, the court below would never have lost, and this court would never have gained, jurisdiction of the case. Hence an assignment of errors filed before or at the time of the acceptance of the bond was filed within the time prescribed by the rule of this court. Williams' assignment of errors was filed on March 31, 1903, at the time of the approval of his bond, and the appellee was not entitled to a dismissal of his appeal because the assignment of errors was not filed at an earlier date. Simpson v. First National Bank (C. C. A.) 129 Fed. 257.

It is now contended, however, by counsel for the appellees, that this appeal should be dismissed because the specifications of error

are preceded by the statement that the bankrupt "files the following assignments of error, upon which he will rely in the prosecution of his writ of error in this, the above-entitled cause," and because he prayed and obtained a writ of error to review the judgment against him at the time that he filed this assignment of errors and gave his bond on appeal, and he did not procure the issue of a citation upon the appeal until May 13, 1903, after the time for taking his appeal had elapsed. Through abundance of caution, counsel for Williams sued out a writ of error, and also procured the allowance of an appeal to review the same adjudication. The alleged errors upon which he relied to reverse the judgment against him were the same in each proceeding. The purpose of an assignment of errors is to inform the court and the counsel for the opposite party of the ground of the attack upon the rulings of the trial court. The practice of taking an appeal and a writ of error to review the same adjudications is not only permissible, but commendable, in cases in which counsel have just reason to doubt which is the proper proceeding to give jurisdiction to the appellate court. In such cases the reviewing court will consider both proceedings, will dismiss that one which is ineffective, and will review the rulings of the court below in accordance with the rules of the method applicable to the nature of the case before it. McFadden v. Milling Co., 97 Fed. 670, 672, 38 C. C. A. 355, 357; Files v. Brown, 124 Fed. 133, 136, 59 C. C. A. 403, 406; Hurt v. Hollingsworth, 100 U. S. 100, 102, 25 L. Ed. 569; Plymouth Min. Co. v. Amador Canal Co., 118 U. S. 264, 269, 6 Sup. Ct. 1034, 30 L. Ed. 232; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 234, 111 Fed. 81, 86. The law never requires, and courts ought never to demand, the conduct of futile proceedings. Where, in proceedings both by writ of error and by appeal to review the same rulings or adjudications, the errors alleged are the same in each proceeding, a single assignment of errors as completely accomplishes the object of rule 11 of this court (91 Fed. vi; 32 C. C. A. lxxxviii) as the filing of an assignment in each proceeding, and it is accordingly ample to sustain the proceeding requisite to invoke the jurisdiction of this court. The appeal cannot be dismissed because Williams failed to file a second assignment of errors containing the same specifications as those contained in the assignment filed in his proceeding to obtain the writ of error.

Was the failure to procure the issue of a citation until after the time to take the appeal had elapsed fatal to the jurisdiction of this court? In support of the contention that this question should be answered in the affirmative counsel cite Norcross v. Nave & McCord Mercantile Co., 101 Fed. 796, 42 C. C. A. 29, and Ruby v. Atkinson, 35 C. C. A. 458, 93 Fed. 577. But this issue has been determined otherwise by the Supreme Court in terms so clear and positive that the question is no longer open to debate. In Jacobs v. George, 150 U. S. 415, 416, 14 Sup. Ct. 159, 37 L. Ed. 1127, Chief Justice Fuller, in delivering the unanimous opinion of that court, said:

"It must be regarded as settled that: (1) Where an appeal is allowed in open court, and perfected during the term at which the decree or judgment

appealed from was rendered, no citation is necessary. (2) Where the appeal is allowed at the term of the decree or judgment, but not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at our next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation may be issued by leave of this court, although the time for taking the appeal has elapsed. (3) Where the appeal is allowed at a term subsequent to that of the decree or judgment, a citation is necessary, but may be issued properly returnable, even after the expiration of the time for taking the appeal, if the allowance of the appeal were before. (4) But a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the next ensuing term of this court, and not waived, the appeal becomes inoperative."

As there are no terms in bankruptcy, it is conceded that a citation was necessary in this case, because the appeal cannot be said to be perfected at the term at which the judgment below was rendered. Nevertheless the appeal was perfected by the acceptance of the bond within the statutory time and by the docketing of the case in this court at the ensuing term. In this way the jurisdiction of the appellate court was successfully invoked. The case was transferred from the jurisdiction of the District Court to that of the Court of Appeals. Sage v. Railroad Co., 96 U. S. 712, 715, 24 L. Ed. 641; Draper v. Davis, 102 U. S. 370, 371, 26 L. Ed. 121; Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; National Bank v. Omaha, 96 U. S. 737, 24 L. Ed. 881. A citation to appear at the hearing in the appellate court is not jurisdictional in its nature. Its only purpose is to give notice to the appellees that the appeal will be prosecuted, so that they may appear and have a hearing if they desire. It is a part of the procedure prescribed not to give jurisdiction to the appellate court, but to secure to the appellees a fair opportunity to present to that court their arguments in support of the decision below. If, through accident or mistake, the citation has been omitted, and no notice has been given to the appellees of the hearing, the appellate court has ample power to direct its issue and to continue the case until reasonable notice of the hearing has been given. But it may not dismiss an appeal, which is a matter of right, and which is duly allowed by the trial court by the mere acceptance of security for its prosecution (Simpson v. First National Bank [C. C. A.] 129 Fed. 257, 260), until an opportunity to give the requisite notice has been furnished, whether the application for the citation is made before or after the statutory time for the appeal has elapsed (Dodge v. Knowles, 114 U. S. 436, 438, 5 Sup. Ct. 1108, 29 L. Ed. 144; Hewitt v. Filbert, 116 U. S. 142, 144, 6 Sup. Ct. 319, 29 L. Ed. 581; Mattingly v. Railroad Co., 158 U. S. 53, 56, 15 Sup. Ct. 725, 39 L. Ed. 894; Evans v. State Bank, 134 U. S. 330, 331, 10 Sup. Ct. 493, 33 L. Ed. 917; Altenberg v. Grant, 28 C. C. A. 244, 246, 83 Fed. 980, 982; Railroad Equipment Co. v. Southern Ry. Co., 34 C. C. A. 519, 522, 92 Fed. 541, 544). The appeal in this case was duly allowed, and the case was transferred to the jurisdiction of this court by the acceptance of the security offered by Williams on March 31, 1903, within the ten days prescribed for the appeal. The transcript of the record was filed and the case was docketed and heard in this court at its next ensuing term. The citation was issued on May 13, 1903, ten days after the time to take the appeal

had elapsed. It was served upon counsel for the appellees on May 27, 1903, more than three months before the opening of the ensuing September term of this court at which the appeal could first be heard. The failure to issue an earlier citation did not detract from the jurisdiction of this court, nor did it furnish any reason for the dismissal of this appeal. The motion to dismiss the appeal is accordingly denied.

When we turn to the merits of the case, we find much in the briefs of counsel concerning the regularity of the allowance of a bill of exceptions which is incorporated in the record. But no bill of exceptions was requisite to enable this court to review the rulings of the court below in this case, because it is a proceeding in equity, and the appeal presents the entire record to the appellate court. That record discloses every fact necessary to a determination of the case without reference to the bill of exceptions, and that bill is here dismissed.

On January 8, 1903, George P. Lang and Charles J. Becker filed a petition in bankruptcy in the District Court for the District of Colorado against R. H. Williams of Hot Springs, Ark., in which they alleged that for the greater portion of six months preceding the date of the filing of their petition Williams had his domicile in the state of Colorado; that they had a judgment against him for $2,344.85; that he owed $20,000, and was insolvent; that on the —— day of December, 1902, he had conveyed, transferred, concealed, and removed a part of his money and property with intent to defraud all his creditors; that on December 26, 1902, while he was insolvent, he had transferred a portion of his money and property to one of his creditors, with intent to prefer him to his other creditors, and that on —— day of December, 1902, he permitted one of his creditors to obtain a preference over his other creditors through legal proceedings, and failed, at least five days before a sale or final disposition of his property affected by such preference, to vacate or discharge it. This petition did not disclose what part of his money or property had been transferred or concealed to defraud his creditors, or what creditors had secured preferences, or where they had obtained them, or what the legal proceedings by which the preference resulting from them had been secured, were, or where they had been taken. If not demurrable, the petition was clearly vulnerable to a motion to make definite and certain. Upon this petition and an affidavit that Williams could not be found in Colorado, and that personal service upon him could not be made, the District Court ordered him to appear to answer the petition, and directed that its order should be published for six consecutive weeks in the Denver Examiner, a newspaper printed in the county of Denver, in the state of Colorado. On March 23, 1903, the court below denied a motion which had been made by the attorneys of Williams to dismiss the petition in bankruptcy, and ordered that the petitioning creditors should be permitted to file an amended petition within one day. On the morning of the next day, March 24, 1903, the petitioners did file an amended petition, in which they alleged the following acts of bankruptcy, and these

only, to wit: (1) That on December 2, 1902, Williams had $50,000 in the Arkansas National Bank of Hot Springs in the state of Arkansas; that he placed $12,000 of this money or of some other money in the hands of the Security Bank of Memphis, Tenn., or in the hands of Ralph Davis, and that he had since concealed the remainder of the $50,000 in the hands of unknown parties with intent to defraud all his creditors. (2) That while insolvent, and within four months preceding the filing of the petition in bankruptcy, he transferred $10,000 to Howard Bland, one of his creditors, $1,000 to J. C. George, another of his creditors, and $500 to Sam Watts, a third creditor, with intent to prefer them over his other creditors. And (3) that he permitted Howard Bland to obtain a preference over his other creditors through legal proceedings in the circuit court of Garland county, in the state of Arkansas. Immediately after. the filing of this petition the attorneys of Williams moved the court to strike it from the files. Their motion was denied. They then made a motion for the allowance to them of further time to answer the amended petition. The court denied their motion, and on the same day, March 24, 1903, adjudged Williams a bankrupt. The appeal challenges this adjudication.

None of the acts of bankruptcy alleged in the amended petition were pleaded or intimated in the original petition. No notice was given to Williams or to his attorneys that any charge of the commission of these acts was or would be made until the amended petition was filed on the morning of March 24, 1903. Then for the first time the attorneys of the alleged bankrupt received notice of the charges against which they were retained to defend their client. He was not in the court nor in the district in which the court was held. His attorneys asked for time to answer the petition, and they were denied even a day within which to communicate with their client and prepare an answer to charges of fraudulent acts, involving tens of thousands of dollars, alleged then for the first time to have been committed hundreds of miles distant from the forum in which the proceeding was pending. The amended petition sought, and the decree which followed it wrought, a transfer of all the property of a citizen from him to another. A proceeding in bankruptcy is a proceeding in equity. Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Swarts v. Siegel, 54 C. C. A. 399, 402, 117 Fed. 13, 16; In re Rochford, 59 C. C. A. 388, 393, 124 Fed. 182, 187. If it is so summary that it is not governed by the specific times fixed for pleading and for the taking of evidence by the rules and practice in equity, it is not so summary that rights of person or of property may be taken from the parties to it without opportunity to frame or to try the issues that are tendered. It is so analogous to a suit in equity that no departure from the rules and practice in chancery so radical as to deprive a litigant of a fair opportunity to answer charges against him and to produce evidence in his defense should for a moment be permitted. The thirty-fourth rule in equity provides:

"Upon the overruling of any plea or demurrer the defendant shall be assigned to answer the bill or so much thereof as is covered by the plea or de-

murrer on the next succeeding rule day or at such other period as consistently with justice or the rights of the defendants the same can in the judgment of the court be reasonably done."

This is a just and reasonable rule. It gives to a defendant the opportunity and confers upon him the right to answer the averments of his adversary after he has unsuccessfully challenged their legal sufficiency. Files v. Brown, 124 Fed. 133, 142, 59 C. C. A. 403, 412, and cases cited. The order of the court below deprived Williams of this right and opportunity. It denied his counsel reasonable time to communicate with their client and to prepare his answer to averments presented for the first time on the day when the order was made and the judgment against him was rendered.

The order and adjudication were alike erroneous because they deprived the defendant of his right to answer and defend against the charges of fraud in the amended petition, and they must accordingly be reversed, and the case must be remanded to the court below, with directions to enter an order to the effect that the appellant may answer the amended petition within 30 days after the filing of the mandate in that court, and to take further proceedings not inconsistent with the views expressed in this opinion; and it is so ordered.