[Civil No. 928.   Filed March 30, 1906.]

[85 Pac. 656.]

THE BLACK DIAMOND COPPER MINING COMPANY, a Corporation, Appellant. In the Matter of the claim of W. J. KIRKPATRICK, Attorney for Petitioning Creditors.

1. BANKRUPTCY—APPEAL—BOND—APPROVAL—MUST BE BY JUDGE—MAY NOT BE DELEGATED TO CLERK—GENERAL ORDERS IN BANKRUPTCY, No. 36, CONSTRUED.—Where an appeal is taken from an order made by the district court sitting in bankruptcy, under General Order No. 36, *supra,* which provides that "Appeals from a court of bankruptcy to a circuit court of appeals or to the supreme court of a territory shall be allowed by the judge of the court appealed from, or the court appealed to, and shall be regulated, except as otherwise provided in the act, by the rules governing appeals in equity in the courts of the United States," the appeal must be allowed by the judge of the court appealed from or the court appealed to, and the bond on appeal must be approved by the judge, and the authority to approve it may not be delegated to the clerk.

APPEAL from a judgment of the District Court of the Second Judicial District sitting in bankruptcy. Fletcher M. Doan, Judge. Dismissed.

The facts are stated in the opinion.

Ben Goodrich, for Appellant.

Francis M. Hartman, for Appellee W. J. Kirkpatrick.

In order to perfect an appeal of the proceedings in bankruptcy, such as this proceeding, it is necessary for the party aggrieved within ten days after the rendition of the judgment complained of to file in the lower court a petition praying an appeal, with an assignment of errors relied upon, and to obtain an order from such lower court, or from a judge of the appellate court allowing such appeal, and upon which citation issues to the opposite party. It is also necessary that the judge of the court shall approve the appeal-bond, and this cannot be delegated to the clerk. Collier on Bankruptcy, 4th ed., 269; Brandenburg on Bankruptcy, 3d ed. 395; *Lloyd* v. *Chapman,* 93 Fed. 599, 35 C. C. A. 474; *In re Dunning,* 94 Fed. 709, 36 C. C. A. 437; *Norcross* v. *Nave & McCord Mfg. Co.,* 101 Fed. 796, 42 C. C. A. 29; *Benjamin* v. *Hart,* 4 Benedict, 454, Fed. Cas. No. 1,302; *Wood* v. *Bailey,* 21 Wall. 640, 22 L. Ed. 689; *Sedgwick* v. *Fridenburg,* 11 Blatchf. 77, Fed. Cas. No. 12,611; *In re York,* 1 Abb. (U. S.) 503, Fed. Cas. No. 18,139; *Hawkins* v. *Hastings etc. Bank,* 1 Dill. 453, Fed. Cas. No. 6,245; *O'Reilly* v. *Edrington,* 96 U. S. 724, 24 L. Ed. 659; *National Bank* v. *Omaha,* 96 U. S. 737, 24 L. Ed. 881; Bates Federal Equity Procedure, sec. 820.

A proceeding in bankruptcy is a proceeding in equity. *Dodge* v. *Norlin,* 133 Fed. 362, 66 C. C. A. 425; *Bardes* v. *Hawarden Bank,* 178 U. S. 524, 20 Sup. Ct. 1,000, 44 L. Ed. 1,175; *Siegel* v. *Schwartz,* 117 Fed. 16, 54 C. C. A. 399; *In re Rochford,* 124 Fed. 182-187, 59 C. C. A. 388.

CAMPBELL, J.—This is an appeal from an order made by the district court sitting in bankruptcy. Appellee moves to dismiss on the ground that it was not properly perfected. The order complained of was made on July 28th. On July 31st, appellant asked a rehearing. It was denied, and thereupon, following the territorial practice he gave notice of appeal in

open court. The court fixed the amount of the bond on appeal at five hundred dollars, and directed that the same be approved by the clerk. The bond was filed, and approved by the clerk, August 28th. Appellee contends that the order appealed from comes within those enumerated in section 25a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stats. 553, [U. S. Comp. Stats. 1901, p. 3432]), and that the appeal must be perfected by the filing of a bond within ten days; that, even if the order is such as to be appealable under section 24, the appeal should be dismissed for the reason that the bond has not been approved by the judge.

It is not necessary to determine under which section of the act the appeal should have been brought. Pursuant to the authority conferred upon it, the supreme court of the United States has, by order, provided: "Appeals from a court of bankruptcy to a circuit court of appeals or to the supreme court of a territory shall be allowed by the judge of the court appealed from, or the court appealed to, and shall be regulated, except as otherwise provided in the act, by the rules governing appeals in equity in the courts of the United States." General Order No. 36 (89 Fed. xiv, 32 C. C. A. xxxvi). The appeal must be allowed by the judge of the court appealed from or of the court appealed to, and the bond on appeal must be approved by the judge, and authority to approve it may not be delegated to the clerk. *O'Reilly* v. *Edrington,* 96 U. S. 724, 24 L. Ed. 659; *National Bank* v. *Omaha,* 96 U. S. 737, 24 L. Ed. 881; *Brown* v. *McConnell,* 124 U. S. 489, 8 Sup. Ct. 559, 31 L. Ed. 495. Conceding that, by fixing the amount of the bond on appeal in this case, the judge of the trial court thereby allowed the appeal, it has not been perfected, as the bond was not approved by him. In proper cases appellants, it seems, should be afforded an opportunity by this court to furnish the requisite security; but in this case the order complained of has been reversed upon an appeal brought by certain petitioning creditors (*Appeal of Soto Bros. & Renaud, Copartners, post,* p. 42, 85 Pac. 653), and nothing would be accomplished by permitting appellant to furnish the proper security.

The appeal is dismissed.

KENT, C. J., SLOAN, J., and NAVE, J., concur.