## RUSSELL v. GALT.

No. 12344—Opinion Filed Sept. 13, 1921.

(Syllabus.)

**Appeal and Error — Jurisdiction — Time for Appeal.**

Under the act of the Legislature approved February 14, 1911, ch. 18, Session Laws 1911, pg. 35, and the act of the Legislature approved the 23rd day of March, 1917, ch. 219, Session Laws of 1917, pg. 403, this court is without jurisdiction to entertain an appeal unless commenced by filing the record of the case by transcript or case-made and petition in error in this court within six months after the rendition of the judgment or final order from which the appeal is taken. Ham et al. v. Veasey, 79 Okla. 133, 191 Pac. 1094; Hall v. Bank of Commerce of Okmulgee, 80 Okla. 40, 193 Pac. 990.

Error from District Court, Carter County; Cham Jones, Assigned Judge.

Action by C. C. Russell against Edward Galt. Judgment for defendant, and plaintiff brings error. Appeal dismissed.

Wm. G. Davisson, for plaintiff in error.

H. A. Ledbetter, for defendant in error.

KENNAMER, J. This action was instituted in the district court of Carter county by C. C. Russell, as plaintiff, against Edward Galt, as defendant, to foreclose a lien on certain bank stock which the plaintiff alleged to have been pledged to him as security for the payment of a certain debt evidenced by a promissory note. Judgment was rendered in favor of the defendant, Galt, on the 16th day of November, 1920. The plaintiff, Russell, filed motion for a new trial, which was by the court overruled on the 19th day of November, 1920. The plaintiff, Russell, has attempted to appeal from the judgment and order rendered on the 19th day of November, 1920, overruling his motion for a new trial.

It appears from the record that the petition in error was not filed in this court until June 2, 1921, more than six months from the date of the final order of the court overruling the plaintiff's motion for new trial. The time of the plaintiff to file his petition in error in this court expired on the 19th day of May, 1921, and the same having been filed in this court on the 2nd day of June, 1921, this court is without jurisdiction to entertain the appeal.

Counsel for the plaintiff in his response to the motion filed to dismiss the appeal herein contends that the appeal is commenced upon the giving of notice in open court, pursuant to the act of the Legislature passed and approved on the 23rd day of March, 1917, ch. 219, Session Laws 1917, by the appellant of his intention to appeal to the Supreme Court.

Counsel for plaintiff has cited the following authorities: Robert C. Hewitt v. Louis S. Filbert, 116 U. S. 142, 29 L. Ed. 581; Geo. W. Bradford et al. v. Agnes Folsom, Admx., et al., 123 U. S. 725, 31 L. Ed. 292; and Ruling Case Law, vol. 2, pg. 105. These authorities hold that where, pursuant to the practice in force, an appeal is applied for and allowed in open court the appeal is to be deemed as taken from the time of its allowance. The authorities cited and the rule as announced by the same are not applicable to the statutes in force in this state governing appeals. An appeal is a matter of right in this state, and the appellant is entitled to take his appeal as prescribed by the statute, and this right is not predicated upon the discretion of the court in allowing him an appeal. Chapter 18 of Session Laws 1911 in part provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of."

Chapter 219 of Session Laws of 1917 in part provides:

"The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court."

This court in numerous cases has announced the rule, since the passage of the act of 1917 abolishing the issuance and service of summons in error and providing for notice of appeal in lieu thereof, that the petition in error must be filed in this court within six months from the date of the judgment appealed from. Hall v. Bank of Commerce of Okmulgee, 80 Okla. 40, 193 Pac. 990; Ham et al. v. Veasey, 79 Okla. 133, 191 Pac. 1094.

It appears upon an examination of these authorities that, after the passage of the act of 1917, ch. 219, regulating appeals, abolishing summons in error, and providing for notice of appeal, the proceedings are regarded as having been commenced in this

court upon the filing of the petition in error, together with the transcript or case-made of the record, within six months from the date of the rendition of the judgment appealed from, and that the giving of the notice of appeal in the trial court was substituted for the issuance and service of summons in error, but if the appellant, after giving the notice of appeal, fails to file his petition in error, together with the record, in this court, within six months, this court has no jurisdicton over the subject-matter, and the appeal must be dismissed. The appeal is hereby dismissed.

All the Justices concur.